ROBINSON *v.* ARKANSAS LOAN & TRUST COMPANY. (1)

VANCE *v.* CALHOUN. (2)

Opinion delivered June 11, 1904.

1. APPEAL—WHEN COMPLETE.—Where an appeal is granted, and an authenticated copy of the record is filed in the appellate court, the suit or action is thereby removed, though no summons was issued. (Page 476.)

2. SAME—DISMISSAL FOR WANT OF SUMMONS.—Where an appellant fails to cause a summons to be served on appellee within a reasonable time requiring him to appear and answer the appeal, as provided by Sand. & H. Dig. § 1021, the supreme court may dismiss the appeal. (Page 477.)

3. SUCCESSIVE APPEALS—PRACTICE.—While it is the better practice to dismiss an appeal with supersedeas before another appeal is taken, the same result may be obtained by dismissing the first after the second is taken. (Page 477.)

(1)   Appeal from Lonoke Chancery Court.

THOMAS B. MARTIN, Chancellor.

(2)   Appeal from Hot Spring Chancery Court.

LELAND LEATHERMAN, Chancellor.

The first case was a bill of review by H. F. Robinson against Arkansas Loan & Trust Company. Judgment for defendant, from which plaintiff appeals.

The second case was a suit by Lon Calhoun against E. H. Vance, Jr. Judgment for plaintiff, from which defendant appeals. Motion to dismiss the appeal in each case. Denied in the first case; granted in the second.

*Trimble & Robinson,* for Robinson.

*Morris M. Cohn,* for Arkansas Loan & Trust Company.

*E. H. Vance, Jr.,* for Vance.

*N. P. Richmond,* for Calhoun.

BATTLE, J. In the first case the appellee moves to dismiss the appeal because no notice that it had been granted was served upon the appellees within one year after the decree appealed from was rendered. The appeal was granted by the clerk within the year, and an authenticated copy of the record in the case was filed in this court at or before it was granted, but, through a misunderstanding of the attorneys of appellants as to an agreement of the appellees to enter their appearance, the notice was not served within the year.

In the other case two appeals were granted, one by the Hot Spring chancery court, which rendered the decree appealed from, and the other by the clerk of this court. The appellee moves to dismiss the second appeal, because the first was granted on the same day the decree was rendered, and appellant filed in the chancery court a supersedeas bond, whereby the execution of the decree was stayed until the determination of the appeal, and, while said appeal was pending and the execution of the decree was stayed and superseded, took the second appeal.

The statutes of this state require appeals to this court to be taken within one year after the decree or judgment appealed from was rendered. What is an appeal? "The word, when accurately used in law matters, means the removal of a suit in equity, or of an action at law, from an inferior to a superior court." Elliott,

Appellate Procedure, § 15.  When the appeal is granted, and an authenticated copy of the record is filed in the supreme court, the suit or action is thereby removed.  The filing of the copy of the record is necessary, because it is the source from which the appellate tribunal obtains its knowledge of the facts in the case and of the questions upon which it is its duty to pronounce judgment. When it is filed, the appellate court's jurisdiction of the subject-matter is complete, and the cause is removed.  No other act is required to be done which can aid in the accomplishment of this object.  The statutes treat the appeal as complete before any notice is given, because they say: "Unless the appeal is granted by the inferior court, or the appellee enters his appearance in the supreme court, he shall be summoned, actually or constructively, as provided by law for the service of a summons, to appear and answer the appeal."  Sand. & H. Dig. § 1021.  He is required to answer the appeal as an accomplished fact, and not as something in embryo.  The notice or summons does not aid in the removal, but calls the attention of the appellee to the fact that it has been removed.  The appeal is complete, and the appellate court can dismiss it if the appellant neglects to cause the notice to answer it to be given in a reasonable time, or fails to prosecute it in any other way.

In *Turner* v. *Tapscott,* 29 Ark. 318, it was held; "A party who has taken an appeal without supersedeas, and failed to perfect it within the time required by law, may take another appeal at any time within the period during which appeals are allowed. In such cases it is the better, but not the necessary, practice to have the first appeal docketed and dismissed before taking a second appeal."

In *Rice* v. *Reed,* 29 Ark. 320, and *Kinner* v. *Dodds,* 35 Ark. 29, it was held: "A party who has taken an appeal with supersedeas, and failed to prosecute it, must docket the appeal here, and dismiss it, before he can take a second appeal."

We see no good reason why it should be necessary to dismiss an appeal with supersedeas before another can be granted in the time prescribed by law, when it is not necessary to dismiss an appeal without supersedeas before another can be taken, unless, in the first case, it is necessary in order to enable the appellee to pursue his remedies against the sureties on the appeal

bond. While it is the better practice to dismiss the appeal with supersedeas, before another is taken, the same result can be obtained by dismissing the first after the second is granted. In that case the appellee can enforce his remedies on the appeal bond. It would be a needless ceremony to docket the appeal with supersedeas here, and dismiss it and the second appeal, when two appeals are pending, and then take the third appeal, when the same object can be accomplished by dismissing the first.

The motion in the first case is denied, and leave is granted appellant, within a reasonable time, to procure summons for appellee to answer the appeal and service thereof. The motion in the second is denied, and the first appeal is dismissed.