## FREEMAN v. STATE.

### Opinion delivered April 9, 1923.

1. CRIMINAL LAW—SENTENCE OF MINOR TO PENITENTIARY.—Under Crawford & Moses' Dig., § 804, providing that "persons under eighteen years of age convicted of a felony may be sent to the penitentiary if, in the judgment of the trial judge, such course may be expedient," *held* that the statute invests the trial court with discretion to impose either a penitentiary sentence or a sen-

tence to the reform school upon minors under eighteen years of age convicted of a felony.

2. CRIMINAL LAW—POWER OF TRIAL COURT TO MODIFY SENTENCE.— The trial court in a criminal case had no power to modify a sentence after the term of court at which the judgment was rendered had expired, nor after the cause had been appealed to the Supreme Court and affirmed.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*J. E. London,* for appellant.

The court erred in refusing to modify judgment and commit appellant, who was under 16 years of age, to the reform school, instead of sending him to the penitentiary. Sec. 804, Crawford & Moses' Digest; 35 Ark. 517.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

No error was committed in overruling motion for modification of judgment. Question of sentencing person convicted to reform school or penitentiary is within discretion of trial court. Sec. 804, C. & M. Digest; 84 Ark. 292. Judgment could not be modified after affirmance by Supreme Court and mandate to lower court. 60 Ark. 50; 28 S. W. 799; 5 Ark. 200; 13 Ark. 653. Neither could court modify judgment after expiration of term. *Adler* v. *State,* 35 Ark. 530.

HUMPHREYS, J. Appellant was convicted on the twentieth day of October, 1922, in the Sebastian Circuit Court, Fort Smith District, for the crime of grand larceny, and was sentenced during said term of court to serve a term of one year in the penitentiary as punishment therefor. An appeal from the judgment and sentence was prosecuted to the Supreme Court, and on the twenty-seventh day of January, 1923, the judgment of the trial court was affirmed. On the thirteenth day of February, 1923, appellant filed a motion before the trial court to modify the judgment so as to sentence him to the reform school, instead of the penitentiary. In support

of the motion he alleged that he was a minor, under eighteen years of age. The proof showed that he was sixteen years of age when convicted and sentenced. The court overruled the motion for a modification of the judgment, from which is this appeal. Appellant contends that the court erred in overruling the motion, and relies for a reversal upon § 804 of Crawford & Moses' Digest, which is as follows, in part:

"All convicts in the penitentiary now, and all persons hereafter sentenced to the penitentiary, under the age of eighteen years, shall be committed to and placed in said reform school by said board; provided, said persons under eighteen years of age convicted of a felony may be sent to the penitentiary, if, in the judgment of the trial judge, such course may be expedient."

The interpretation placed on said act by learned counsel for appellant is that the statute is mandatory in requiring the trial court to sentence a minor, under the age of eighteen years, convicted of a felony, to the reform school, unless some substantial reason affirmatively appears why a penitentiary sentence should be imposed. We do not so interpret it. The statute invests the trial court with discretionary power to impose either a penitentiary sentence or a sentence to the reform school upon minors, under eighteen years of age, convicted of a felony, during the term of court at which convicted. Of course, this means a sound discretion, and the facts in each case must determine whether the trial court has abused the discretion lodged in him. In the instant case the trial court was without jurisdiction to modify the judgment, upon motion, after the term of court at which the judgment was rendered had expired.

No error appearing, the judgment is affirmed.

HUMPHREYS, J., (on rehearing). Appellant has suggested a diminution of the original record in his motion for a rehearing, and asked for a writ of certiorari requiring the circuit clerk of Sebastian County, Fort Smith District, to certify to the clerk of the Supreme Court

a transcript of the record showing the date of adjournment of the term of court during which the judgment of sentence was imposed upon appellant. The request for the writ is denied because the perfection of the record as to the date of the adjournment of said term of court could not benefit appellant. It is true we affirmed the judgment of the circuit court upon the ground that the sentence could not be modified after the adjournment of court. That was not the only ground which called for an affirmance. An appeal was prosecuted to the Supreme Court from the original judgment of conviction and sentence, which was affirmed. The appeal lifted the cause out of the circuit court; and, as the judgment was affirmed, it was beyond the power of that court to afterwards modify or change it in any respect. After the appeal was taken and the transcript lodged in this court, the only jurisdiction remaining in the circuit court was to correct the judgment by *nunc pro tunc* order to make it speak the truth, or upon reversal and remand of the cause to follow the directions of this court. The motion for the writ and for rehearing is overruled.