Gloria Jean BILDERBACK *v.* STATE of Arkansas

CR 94-1034                                                      893 S.W.2d 780

Supreme Court of Arkansas
Opinion delivered February 27, 1995
[Rehearing denied April 3, 1995.]

*Gene O'Daniel*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Gloria Jean Bilderback, the appellant, was convicted in 1990 of attempted possession of a controlled substance. She was sentenced to six years imprisonment with execution "deferred," and she was placed on probation. On July 27, 1993, she was arrested for possession of drug paraphernalia and two counts of possession of a controlled substance. In subsequent proceedings her earlier probation was revoked. She challenges the revocation on the ground that the hearing resulting in the revocation was held more than 60 days after she was arrested on the revocation charge and on the ground that she had served a 10-month jail sentence which was a condition of her probation. She also contends the Trial Court erred in admitting as evidence against her a statement she made after her 1993 arrest. We hold no error occurred on the points she has raised. The State advises that the ultimate sentence imposed pursuant to the revocation may be illegal, but we do not address that point as Ms. Bilderback has not raised it.

On November 22, 1993, while Ms. Bilderback remained incarcerated as a result of her arrest on July 27, 1993, a motion for revocation of suspended sentence was filed by the prosecuting attorney. An arrest warrant for probation violation was served on Mrs. Bilderback on November 24, 1993. Ms. Bilderback was released on bond on January 18, 1994.

The revocation hearing was held on March 3, 1994. Ms. Bilderback moved to dismiss on the ground that the hearing was not held within 60 days of the arrest as required by Ark. Code Ann. § 5-4-310(b)(2) (Repl. 1993). The prosecution responded that Ms. Bilderback had expressly waived the 60-day requirement upon arraignment. Defense counsel, who began representing Ms. Bilderback after she was arraigned, asked if the waiver were a matter of record. The Trial Court declined to interrupt the proceedings to search for the record but stated that it was his practice to make a record of such a matter and denied the motion to dismiss.

Upon concluding the hearing on the motion to dismiss the revocation matter, the Trial Court proceeded to consider the new charge of possession of drug paraphernalia and announced his understanding that Ms. Bilderback was offering a plea of guilty conditioned on preserving her right to appeal the issue of suppression of a confession. A suppression hearing was then conducted, and the Trial Court found the statement to have been made knowingly and voluntarily.

Ms. Bilderback was sentenced to five years imprisonment to run concurrently with a six-year term imposed as a result of the revocation of probation.

## 1. The 60-day requirement

We might agree with Ms. Bilderback's argument that the record before us is insufficient to demonstrate that she waived the 60-day requirement of § 5-4-310(b)(2); however, we conclude the requirement did not apply.

Ms. Bilderback spent no time in jail as a result of the motion to revoke probation. She was incarcerated on the later charge when she was served with the arrest warrant issued pursuant to the revocation motion. In *Boone v. State*, 270 Ark. 83, 603 S.W.2d 410 (1980), a case involving a very similar situa-

tion, we held: "[As] the purpose of the limitation period is to assure that a defendant is not detained in jail for an unreasonable time awaiting his revocation hearing, the limitation loses its meaning when he is already serving time on another charge." *See also Beasley* v. *Graves*, 315 Ark. 663, 869 S.W.2d 20 (1994). That holding applies here.

## 2. *Probation conditions*

Ms. Bilderback contends the Trial Court should not have revoked her probation as she had served ten months in jail which fulfilled one of the conditions of her probation. Citing *Gautreaux* v. *State*, 22 Ark. App. 130, 736 S.W.2d 23 (1987), which held probation may not be revoked after the imprisonment period imposed by the original sentence had passed, she contends she was ineligible for revocation as her sentence had ended. The sentence imposed upon Ms. Bilderback but "deferred" when probation commenced was for six years imprisonment.

The six years had not expired when revocation was considered, thus there was no bar to revocation. Although Ms. Bilderback had served the 10 months in jail, which was a condition of her probation, she had not fulfilled other conditions such as enrollment in a drug treatment program and desisting from committing another crime.

## 3. *Suppression*

Ms. Bilderback contends, with no citation of pertinent authority, that the written statement containing her confession should have been suppressed because it was not signed by her. The record shows she signed and initialed answers on a rights form in conjunction with the taking of her statement indicating her understanding of her waiver of the right to advice of counsel and the right to remain silent. Ordinarily we would engage in a determination whether the statement was made knowingly and voluntarily based on the "totality of the circumstances." *Piercefield* v. *State*, 316 Ark. 128, 871 S.W.2d 348 (1994); *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990). We need make no such determination in this case.

Arkansas R. Crim. P. 24.3(b) allows a defendant, "With the approval of the court and the consent of the prosecuting attorney, . . . [to] enter a conditional plea of guilty . . . reserv-

ing in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence." We will not entertain an appeal of a suppression issue in conjunction with a guilty plea unless the requirements of Rule 24.3(b) have been met. *Noble* v. *State*, 314 Ark. 240, 862 S.W.2d 234 (1993). The requirement of "reserving in writing" the right of review was not met, and we have been cited to no authority which would allow us to consider whether there was substantial compliance in view of the opening pronouncement of the Trial Court and the fact that the parties may have proceeded as if the plea were conditional. As stated in *Scalco* v. *City of Russellville*, 318 Ark. 65, 883 S.W.2d 471 (1994), "If the express terms of Rule 24.3 are not complied with, the appellate court acquires no jurisdiction to hear the appeal of a conditional [guilty] plea."

### 4. Illegal sentence

The State points out that the sentence given Ms. Bilderback upon revocation may have been illegal because it exceeded the six-year sentence initially imposed, *see Easley* v. *State*, 274 Ark. 215, 623 S.W.2d 189 (1981), and the jail term exceeded that allowable pursuant to Ark. Code Ann. § 5-4-304 (Repl. 1993). *Bangs* v. *State*, 310 Ark. 235, 835 S.W.2d 294 (1992).

While an appellant may raise on appeal the issue of an illegal sentence without having objected to it at the trial, *Bangs* v. *State, supra; Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986), in other than life imprisonment or death sentence cases we do not consider such a question on appeal unless the appellant has raised it here. In *Deaton* v. *State*, 283 Ark. 79, 671 S.W.2d 175 (1984), we recognized the illegality of a sentence upon revocation which was in excess of the fixed term remaining on the suspended sentence, but we declined to treat the matter and said, ". . . no appeal was taken. If the state attempts to enforce the sentence, the appellant must raise the matter in a post-conviction proceeding."

Affirmed.