Jerry Lee BURRESS *v.* STATE of Arkansas

CR 94-976                            902 S.W.2d 225

Supreme Court of Arkansas
Opinion delivered July 10, 1995

*A. Wayne Davis*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Jerry Lee Burress, was stopped by a police officer for a traffic violation. By radio, the officer learned of an outstanding warrant for Mr. Burress's arrest. Mr. Burress was arrested and was asked to empty his pockets. He was found to be in possession of a .25 caliber pistol. A search was conducted of his pickup truck. The search revealed methamphetamine and drug paraphernalia in a compartment on the instrument panel which contained the vehicle's electrical fuses.

Mr. Burress was charged with possession of a class II con-

trolled substance with intent to deliver. He moved to suppress the evidence on the ground that the search was neither a proper inventory of the vehicle, which was to be impounded, nor a reasonable search incident to arrest. He also raised an issue about whether the officer arresting him was within his geographic jurisdiction when the traffic stop occurred. The motion was overruled, and Mr. Burress pleaded guilty to a lesser charge of possession, purporting to reserve the suppression issue for appeal as is permitted by Ark. R. Crim. P. 24.3(b). We must dismiss the appeal for lack of jurisdiction because there was a lack of strict compliance with the provisions of the rule.

■ Rule 24.3(b) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendre [contendere], reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

■ Although the record of trial reveals a reference by the Trial Court to "a document entitled Guilty Plea Statement," neither the abstract nor the record of trial contains any reference to a writing reserving the right to review. No such document is contained in the record. As guilty pleas are generally not appealable, an attempted appeal from a guilty plea must be dismissed for lack of jurisdiction unless the requirements of Rule 24.3(b) have been met. *Bilderback* v. *State*, 319 Ark. 643, 893 S.W.2d 780 (1995); *Noble* v. *State*, 314 Ark. 240, 862 S.W.2d 234 (1993). If the express terms of Rule 24.3 are not met, we acquire no jurisdiction to hear the appeal of a conditional plea. *Bilderback* v. *State, supra. See Scalco* v. *City of Russellville*, 318 Ark. 65, 883 S.W.2d 471 (1994).

Appeal dismissed.