Joel Keith TABOR *v.* STATE of Arkansas

CR 96-400                                              930 S.W.2d 319

Supreme Court of Arkansas
Opinion delivered September 23, 1996

*Donald J. Adams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. On April 22, 1996, this court granted the State's petition to review the decision of the Arkansas Court of Appeals to remand this case to settle the record. The question before this court is whether a failure to comply strictly with the terms of Arkansas Rule of Criminal Procedure 24.3(b) regarding conditional pleas of guilty divests the appellate courts of jurisdiction. We conclude that it does, and we dismiss this matter for lack of appellate jurisdiction.

In an information filed on April 14, 1994, the State charged appellant Joel Keith Tabor with criminal conspiracy to deliver a controlled substance (marijuana), criminal conspiracy to deliver a controlled substance (cocaine), and delivery of a controlled substance (cocaine). Tabor filed a motion to suppress his statements given to police officers because at the time he was allegedly acting under the direction and immunity of the FBI and the Harrison Police Department. After a hearing on the issue, the trial court denied the motion.

On May 12, 1995, Tabor pled guilty to the offenses charged, and the trial court sentenced him to serve a term of six years. On June 1, 1995, Tabor filed a notice of appeal. The State moved to dismiss the appeal from the guilty plea because Tabor did not reserve his right to appeal under Ark. R. Crim. P. 24.3(b) by filing a signed statement to that effect. The Court of Appeals granted that motion. Tabor thereafter moved to reinstate the appeal on grounds that he had preserved his right to appeal the suppression issue even though he failed to file the appropriate plea statement. Counsel for Tabor and the Deputy Attorney General stipulated to the existence of the plea statement, and the prosecuting attorney filed an affidavit in which he stated that Tabor's plea was conditioned on his right to appeal any adverse ruling that might be entered on his motion to

suppress evidence. The prosecutor further averred that a plea statement, though unsigned and not filed, was used when Tabor pled guilty and that the trial court reporter made a record of this.

The Court of Appeals, in an opinion joined by three judges with two others concurring and four dissenting, remanded the case to the trial court to settle the record concerning the conditional plea of guilty. The Court of Appeals further stated:

> The trial court and parties are further directed to ensure that all material portions of the record that pertain to the purported conditional plea of guilty be included in the record, including all orders by the trial court pertaining to appellant's claim that he entered a conditional plea of guilty. Upon compliance with these directives, the motion for reinstatement of the appeal may be renewed.

The concurring judges agreed that the record should be settled but added that their preference was simply to reinstate the appeal outright because counsel for Tabor and the Attorney General had stipulated to the existence of the conditional plea agreement. The dissenting judges argued that the majority's course of action was procedurally barred in that Rule 24.3(b) required that the right of review be reserved in writing. In the view of the dissenting judges, the fact that the State and Tabor stipulated to the existence of the plea agreement does not satisfy the requirements of Rule 24.3(b) or confer jurisdiction on the appellate courts.

On March 13, 1996, the Court of Appeals's decision was handed down. On April 22, 1996, this court granted the State's petition for review. On May 9, 1996, the Clerk of the Supreme Court received a letter from the Boone County Circuit Clerk with an order from the trial court filed on April 18, 1996. The trial court's order states in part:

### 3.

> That, pursuant to an agreement between the defense and the State, upon the denial of the defense motion, the Defendant pled guilty to all three counts directly to the Court without any agreement on sentencing, but reserving the right to appeal the Court's adverse ruling on the motion to suppress.

### 4.

That on April 17, 1995, the State wrote up a plea statement reflecting the agreement of the parties, including the reservation of the right to appeal in writing; [h]owever because sentencing was postponed no order was entered that day and the plea statement was neither signed nor filed of record.

### 5.

That on May 12, 1995, the Court formally sentenced the Defendant to twelve years in the Department of Corrections, suspending six years, with six years to be served concurrently on each count; [s]entencing was entered upon the standard forms which contain no written reservation of the right appeal.

. . . .

### 7.

That the plea statement prepared but not signed or filed should be signed and filed to supplement the record and document the written agreement of the parties on April 17, 1995.

A copy of a plea statement signed by Tabor and dated April 17, 1996, was attached to the April 18, 1996 order and, according to the trial court's order, made a part of the record in this appeal.

The State contends in its appeal that no appellate court has jurisdiction over the matter because the requirements of Rule 24.3(b) were not followed. The State further argues that the remand by the Court of Appeals to settle the record has no effect on the jurisdictional issue because there is no provision that allows a trial court to cure a jurisdictional defect following a guilty plea after the time for filing the notice of appeal has expired. In response, Tabor complains that the issue is one of fairness and that the denial of his appeal would violate his Sixth Amendment right to effective assistance of counsel.

We turn first to Rule 24.3(b) which reads:

With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional

> plea of guilty or nolo contendre [contendere], reserving in writing the right, on appeal from the judgment, to review an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

The law is well settled that a defendant ordinarily does not have a right to appeal a guilty plea except as provided in Rule 24.3(b). *See* Ark. R. App. P.—Crim. 1; *Hill* v. *State,* 318 Ark. 408, 887 S.W.2d 275 (1994). *Scalco* v. *City of Russellville,* 318 Ark. 65, 883 S.W.2d 813 (1994); *Eckl* v. *State,* 312 Ark. 544, 851 S.W.2d 428 (1993). Appeals from guilty pleas are typically dismissed for lack of jurisdiction. *Scalco* v. *City of Russellville, supra.* Rule 24.3(b) provides the only procedure for an appeal from a guilty plea. *Eckl* v. *State, supra.* But if the express terms of Rule 24.3(b) are not complied with, the appellate court acquires no jurisdiction to hear an appeal from a conditional plea. *Bilderback* v. *State,* 319 Ark. 643, 893 S.W.2d 780 (1995); *Scalco* v. *City of Russellville, supra; Noble* v. *State,* 314 Ark. 240, 862 S.W.2d 234 (1993). Accordingly, this court requires strict compliance with Rule 24.3(b) to convey appellate jurisdiction. *Burress* v. *State,* 321 Ark. 329, 902 S.W.2d 225 (1995).

Two analogous cases have addressed whether the requirements of Rule 24.3(b) were met and the effect of noncompliance: *Bilderback* v. *State, supra,* and *Burress* v. *State, supra.* In *Bilderback* v. *State,* this court refused to reach the merits of Bilderback's suppression issue because the conditional guilty plea was not reserved in writing by the defendant despite the fact that both the trial court and prosecutor had proceeded as if the plea were conditional. Similarly, in *Burress* v. *State,* the trial court made reference to "a document entitled Guilty Plea Statement," but that document was not contained in the record on appeal. This court, as a result, dismissed the appeal for want of jurisdiction.

In the case now before us, there was no contemporaneous writing by Tabor reserving his right to appeal. Hence, Rule 24.3(b) was not strictly followed, and the Court of Appeals obtained no jurisdiction of the matter. Without jurisdiction, the Court of Appeals had no authority to remand the case to the trial court to settle the record. Moreover, the subsequent order by the trial court with the attached signed plea statement by Tabor entered after remand cannot breathe life into a moribund appeal where no jurisdiction originally vested. The appeal must be dismissed for

Tabor's failure to follow the terms of Rule 24.3(b).

Appeal dismissed.