Robert GREEN *v.* STATE of Arkansas

CR 97-1515                                                978 S.W.2d 300

Supreme Court of Arkansas
Opinion delivered October 8, 1998

[Petition for rehearing denied November 12, 1998.]

*John Wesley Hall, Jr.,* and *Stuart Vess,* for appellant.

*Winston Bryant,* Att'y Gen., by: *C. Joseph Cordi, Jr.,* Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Robert Green, was charged with one count of possession of a controlled substance with intent to deliver as a result of a search of his duffel bag while he was a passenger on a Greyhound bus. The search revealed eighteen pounds of marijuana. After the trial court denied his motion to suppress evidence, Mr. Green entered a conditional guilty plea pursuant to Ark. R. Crim. P. 24.3(b) and was sentenced to a seventy-two-month term of imprisonment. On appeal, Mr. Green challenges the denial of his motion to suppress evidence on the grounds that the search of his duffel bag violated the Fourth Amendment to the United States Constitution. We find no error and affirm the trial court.

The evidence presented at the suppression hearing established that Special Agents David Boyce and Rhonda Byrd of the Federal Drug Enforcement Administration, along with Detective Robert Mourot of the Little Rock Police Department, were working as part of an informal transportation-interdiction task force which monitored interstate buses stopping at the North Little Rock Greyhound bus station. On November 22, 1996, Robert Green was traveling as a passenger on a Greyhound bus when it made a scheduled stop at the North Little Rock bus station. After the passengers exited the bus, Agent David Boyce boarded the bus to look for "suspicious bags," *i.e.,* bags that were unusually large or that had no identification tags. Agent Boyce testified that he immediately noticed the strong odor of Bounce fabric softener, a product that is often used to hide the smell of marijuana or other drugs. Agent Boyce proceeded to walk in the direction of the scent and stopped at a green duffel bag where the aroma was strongest. It was at this point that Agent Boyce smelled the odor of marijuana. He then touched the outside of the green duffel bag

and felt a cylindrical object, which is often the shape of marijuana when it is transported.

On cross-examination about the sequence of events, Agent Boyce testified that although Bounce was not mentioned in Detective Robert Mourot's report, it was mentioned in his own report, which was never given to the prosecutor. Detective Mourot's report stated that Agent Boyce felt the bag and also smelled marijuana. Agent Boyce explained that he smelled the marijuana at the same time that he stooped down to see whether there were any tags on the bag. After concluding that the bag contained marijuana, Agent Boyce exited the bus and reported his findings to other officers at the scene.

Agent Rhonda Byrd then boarded the bus in plain clothing and took a seat across the aisle from the duffel bag in an attempt to locate its owner, as there were no identification tags on the bag. Agent Byrd testified that she did not open the bag but touched it and verified that there was a hard object inside. Agent Byrd also testified that when she pressed the bag the smell of marijuana "overflowed" her.

Mr. Green testified that while he was standing outside the bus, he saw Agent Byrd get on the bus with two other men. According to Mr. Green, he saw some of his clothes being pulled out of the bag and saw Agent Byrd re-zip the bag and put it back. Mr. Green then got back onto the bus, took his seat next to the duffel bag, and opened it to see if anything had been taken. Agent Boyce and Detective Mourot reboarded the bus as Agent Byrd approached Mr. Green. She identified herself as a police officer and advised him that they were looking for narcotics. In response to Agent Byrd's inquiry, Mr. Green confirmed that the duffel bag belonged to him. Agent Byrd then asked permission to look inside the bag. Both agents testified that Mr. Green gave them permission to search the bag, although neither agent remembered the exact words that he used. According to Detective Mourot's report, Mr. Green responded to Agent Byrd's request by saying, "You can do what you have to do" and "Why don't you just go ahead and look?" However, Mr. Green testified that he simply said, "Well, you already have." Agent Byrd proceeded to search

the bag and found two "bricks" of marijuana weighing approximately eighteen pounds. Mr. Green was arrested and charged with possession of marijuana with intent to deliver.

Mr. Green argues on appeal that the trial court erred in denying his motion to suppress evidence because the agents conducted an unlawful search of his bag in violation of the Fourth Amendment. Specifically, Mr. Green urges that there was an unreasonable search of his duffel bag and any consent given to the search was involuntary. In response, the State contends that Mr. Green has not reserved his right to appeal the trial court's adverse ruling on the motion to suppress. Alternatively, the State argues that the trial court properly denied Mr. Green's motion to suppress the evidence obtained in the search of his duffel bag.

█ The State's first contention is that we lack jurisdiction to entertain this appeal because Mr. Green failed to reserve his right to appeal the adverse ruling on his motion to suppress. When a defendant pleads guilty to a charge, he waives his right to appeal that conviction. *Frette v. City of Springdale,* 331 Ark. 103, 959 S.W.2d 734 (1998); *Matthews v. State,* 305 Ark. 207, 807 S.W.2d 29 (1991). However, when a defendant enters a conditional guilty plea, he may retain a right to appeal an adverse suppression ruling. *See Frette, supra.* Arkansas Rule of Criminal Procedure 24.3(b) provides as follows:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

█ We have interpreted Ark. R. Crim. P. 24.3(b) to require strict compliance with the writing requirement in order for the appellate court to obtain jurisdiction. *Tabor v. State,* 326 Ark. 51, 930 S.W.2d 319 (1996); *Burress v. State,* 321 Ark. 329, 902 S.W.2d 225 (1995); *Bilderback v. State,* 319 Ark. 643, 893 S.W.2d 780 (1995); *Noble v. State,* 314 Ark. 240, 862 S.W.2d 234 (1993). In each of these cases, however, there was either a com-

plete lack of documentation in the record or a complete failure to indicate in any written form that the plea was conditional.

■ The record in this case reflects that the handwritten word "conditional" appears above the typed heading "PLEA STATEMENT" at the top of the plea statement signed by Mr. Green. In addition, that portion of the plea statement acknowledging waiver of the right to appeal was crossed out and initialed by Mr. Green. Based upon the plea statement, we conclude that Mr. Green has met the Ark. R. Crim. P. 24.3(b) requirement of "reserving in writing" his right to appellate review. We, therefore, have jurisdiction to entertain Mr. Green's appeal of the trial court's adverse determination of his motion to suppress evidence.

■ In reviewing a ruling denying a defendant's motion to suppress, we make an independent determination based upon the totality of the circumstances and view the evidence in the light most favorable to the State. *Travis v. State*, 331 Ark. 7, 959 S.W.2d 32 (1998); *Burris v. State*, 330 Ark. 66, 954 Ark. 209 (1997). We reverse only if the trial court's ruling is clearly against the preponderance of the evidence. *See Travis, supra.*

Mr. Green first argues that there was an unreasonable search of his duffel bag. Specifically, he argues that he had a reasonable expectation of privacy in the contents of the duffel bag and that the agents' acts of feeling the exterior of the bag constituted a search under the Fourth Amendment. In support of his argument, Mr. Green relies upon decisions by the United States Supreme Court in *Smith v. Ohio*, 494 U.S. 541 (1990) *(per curiam)* (grocery bag); *Arkansas v. Sanders*, 442 U.S. 753 (1979) (suitcase in taxicab); and *United States v. Chadwick*, 433 U.S. 1 (1977) (footlocker in vehicle); and by this court in *Scisney v. State*, 270 Ark. 610, 605 S.W.2d 451 (1980) (battered old suitcase held together with tape). The State in turn argues that a passenger on a common carrier has no reasonable expectation of privacy either in the exterior of his luggage or in the airspace surrounding his luggage. In support of its argument, the State relies upon decisions by several federal circuits. *See United States v. McDonald*, 100 F.3d 1320 (7th Cir. 1996), *cert. denied*, 117 S.Ct. 2423 (1997); *United States v. Gault*,

92 F.3d 990 (10th Cir. 1996); *United States v. Guzman*, 75 F.3d 1090 (6th Cir. 1996); *United States v. Harvey*, 961 F.2d 1361 (8th Cir. 1992); *United States v. Lovell*, 849 F.2d 910 (5th Cir. 1988).

We need not decide whether the agents' acts of feeling the exterior of the bag constituted a search under the Fourth Amendment because, viewing the evidence in the light most favorable to the State, we hold that the agents had probable cause to search Mr. Green's duffel bag before they felt its exterior. Contrary to Mr. Green's assertion that the agents felt the exterior of his bag "at random," Agent Boyce testified that after he smelled the odor of Bounce, a product often used to hide the smell of marijuana, he walked in the direction of the scent and stopped at the duffel bag where the odor was strongest. As he bent down to see whether there were any identification tags on the bag, he smelled the odor of marijuana coming from the duffel bag. The credibility of Agent Boyce's testimony on the sequence of his actions (smelling and touching) was challenged on cross examination. It is well settled that the credibility of witnesses is for the trial court to weigh and assess. *State v. McFadden*, 327 Ark. 16, 938 S.W.2d 797 (1997); *Mills v. State* 322 Ark. 647, 910 S.W.2d 682 (1995). We therefore defer to the trial court's ascertainment of the credibility of witnesses.

With regard to whether this evidence supports the conclusion that probable cause existed to search Mr. Green's bag, we have previously held that the odor of marijuana coming from a vehicle is sufficient to arouse suspicion and provide probable cause for the search of that vehicle. *Gordon v. State*, 259 Ark. 134, 529 S.W.2d 330 (1976); *Lopez v. State*, 29 Ark. App. 145, 778 S.W.2d 641 (1989); *see also,* 3 Wayne R. LaFave, *Search and Seizure* § 3.6 (6)(3d ed. 1996). Similarly, we hold that the odor of marijuana emanating from a particular bag located on a bus is sufficient to provide probable cause to conduct a search of that bag. The issue then is whether the agents were required to obtain a warrant prior to searching Mr. Green's duffel bag, or whether they were permitted to conduct a warrantless search of the bag on the bus under the doctrine of exigent circumstances.

■ ■ In *California v. Acevedo*, 500 U.S. 565 (1991), the Supreme Court held that, under the doctrine of exigent circumstances, a container located in a vehicle may be searched without a warrant where the police have probable cause to believe that container contains contraband or evidence. The District of Columbia Court of Appeals applied *Acevedo* to the warrantless search of containers on trains using the automobile-exception rationale of inherent mobility. *United States v. Symes*, 633 A.2d 51 (D.C. App. 1993); *see also Dyson v. State*, 712 A.2d 573 (Md. App. 1998). We conclude that a bus possesses this same characteristic. Specifically, the mobility of a bus and its impending departure after each scheduled stop properly place it within the exigent-circumstances exception to the warrant requirement. We thus hold that the agents here were permitted to conduct a warrantless search of Mr. Green's duffel bag. We cannot say that the trial court's denial of the motion to suppress was clearly against the preponderance of the evidence.

Because we hold that the agents had probable cause to search Mr. Green's duffel bag before they touched its exterior, and that exigent circumstances permitted them to conduct that search without a warrant, we need not address the issues of whether the agents' acts of feeling the exterior of the bag constituted a search and whether Mr. Green consented to the search of his bag.

Affirmed.