SLIP OPINION

Cite as 2015 Ark. 25

# SUPREME COURT OF ARKANSAS

No. CR-14-885

| | |
|---|---|
| JAMES EDWARD GREEN<br>APPELLANT | **Opinion Delivered** January 22, 2015 |
| V. | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF AND "OF 'FORMAL GRIEVANCES'" |
| STATE OF ARKANSAS<br>APPELLEE | [DREW COUNTY CIRCUIT COURT NOS. 22CR-02-213, 22CR-08-3, 22CR-08-4] |
| | HONORABLE RANDY WRIGHT, JUDGE |
| | <u>APPEAL DISMISSED; MOTIONS MOOT.</u> |

**PER CURIAM**

In 2014, appellant James Edward Green filed a petition for writ of error coram nobis in the trial court challenging a judgment entered in 2008 that reflected appellant's guilty pleas in three cases. Appellant entered his pleas to first-degree terroristic threatening, second-degree sexual assault, and having violated the terms of a suspended imposition of sentence on an additional count of first-degree terroristic threatening, and he received an aggregate sentence of thirty-six months' imprisonment in the Arkansas Department of Correction. The trial court denied the petition for the writ, and appellant lodged this appeal. He has now filed a motion requesting an extension of time in which to file his brief and another motion in which he requests that this court direct its clerk to file his tendered brief on the basis that personnel at the prison have interfered with his ability to mail the brief in a timely manner. Because we dismiss

the appeal, the motions are moot.

An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. *Millsap v. State*, 2014 Ark. 493 (per curiam). It is clear from the record that appellant cannot prevail.

Where a judgment of conviction was entered on a plea of guilty or nolo contendere or where the judgment of conviction was not appealed, a petition for writ of error coram nobis is filed directly in the trial court. *McJames v. State*, 2010 Ark. 74. The trial court denied the petition on the basis that this court had not granted permission for appellant to proceed in the trial court. A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis must first request that this court reinvest jurisdiction in the trial court because the filing of the transcript in an appellate court deprives the trial court of jurisdiction. *Maxwell v. State*, 2012 Ark. 251 (per curiam). Appellant did not appeal the judgment at issue; nevertheless, we affirm the denial of the petition. This court can affirm the circuit court if it reached the right result albeit for the wrong reason. *See Nalls v. State*, 2014 Ark. 434, 445 S.W.3d 509 (per curiam).

Where a petitioner in a coram-nobis proceeding has served the sentence imposed in the criminal judgment, the petition is moot. *Williford v. State*, 2014 Ark. 86 (per curiam). Appellant filed his petition more than six years after the judgment had been entered imposing the thirty-six-month sentence. The public records of the Department of Correction reflect that appellant is currently incarcerated on other charges. Where it is evident that a petitioner has served his

term of incarceration for the conviction challenged, his claim is moot because the remedy that he seeks, a new trial, is not available even if the petition states cause for the writ. *Webb v. State*, 2009 Ark. 497 (per curiam). Appellant could not demonstrate that he was entitled to the writ, and the trial court did not err in denying relief.

Appeal dismissed; motions moot.

*James Edward Green*, pro se appellant.

No response.