SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-93-427

| | | |
|---|---|---|
| SHERMAN D. NOBLE | | **Opinion Delivered** April 9, 2015 |
| | PETITIONER | |
| | | PETITION TO REINVEST |
| V. | | JURISDICTION WITH THE |
| | | JEFFERSON COUNTY CIRCUIT |
| | | COURT [NO. CR-92-265-2] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | PETITION DENIED. |

**JIM HANNAH, Chief Justice**

Petitioner Sherman D. Noble filed in this court a petition to reinvest jurisdiction with the Jefferson County Circuit Court to hold a hearing on his petition for writ of error coram nobis. Noble argues that the circuit court erroneously dismissed his petition for lack of jurisdiction. We deny Noble's petition.

I. *Facts*

A brief history of this case was set forth in *Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006) ("*Noble VIII*"), as follows. In 1992, Noble and two other men attempted to steal a BMW from a woman, Tresia Jester. As she drove off to avoid the robbery, she was shot and killed by Noble. Subsequently, on Sunday, October 25, 1992, Noble entered a plea of guilty to the crime of capital-felony murder to avoid the possibility of receiving a sentence of death. As a result of the plea agreement, he was sentenced to life imprisonment without parole in the Arkansas Department of Correction. On Monday, October 26, 1992, the circuit court entered its judgment and commitment order. On November 6, 1992, Noble's attorney,

SLIP OPINION

Mark Hampton, filed a notice of appeal. We dismissed Noble's direct appeal because he failed to reserve his right to appeal, pursuant to Arkansas Rule of Criminal Procedure 24.3(b), after entering a guilty plea. *See Noble v. State*, 314 Ark. 240, 862 S.W.2d 234 (1993) ("*Noble I*").

Since his direct appeal, Noble has been a party to numerous cases involving his guilty plea. *See Noble v. State*, 319 Ark. 407, 892 S.W.2d 477 (1995) ("*Noble II*") (holding Noble was not entitled to postconviction relief based on his contention that he received ineffective assistance of counsel at trial and on appeal); *Noble v. State*, 326 Ark. 462, 932 S.W.2d 752 (1996) (per curiam) ("*Noble III*") (holding that the issuance of a writ of mandamus would be a vain and useless act, despite the fact that the circuit court erred in sua sponte dismissing the appeal, because the notice of appeal was untimely); *Noble v. State*, 326 Ark. 912, 934 S.W.2d 525 (1996) (per curiam) ("*Noble IV*") (allowing Noble to proceed with a belated appeal); *Noble v. State*, CR 96–1442, 1998 WL 313723 (Ark. June 11, 1998) (unpublished per curiam) ("*Noble V*") (holding that Noble was not entitled to file a second petition for postconviction relief under Rule 37 and, even if he was entitled to file, he could not have prevailed); *Noble v. Norris*, 04–524, 2005 WL 3008676 (Ark. Nov. 10, 2005) (unpublished per curiam) ("*Noble VI*") (ordering rebriefing); *Noble v. Norris*, 04–524, 2005 WL 3436788 (Ark. Dec. 15, 2005) (unpublished per curiam) ("*Noble VII*") (granting Noble's motion for extension of time); *Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006) ("*Noble VIII*") (affirming the circuit court's denial of the petition for writ of habeas corpus and rejecting Noble's argument that the circuit court was without subject-matter and statutory jurisdiction because of his guilty

plea on a Sunday). Noble also was unsuccessful in seeking federal habeas relief. *See Noble v. Norris*, H-C-99-98 (E.D. Ark. 1999).

On August 1, 2013, Noble filed another petition for postconviction relief in the Jefferson County Circuit Court, and the State responded. On August 26, 2013, Noble asked the circuit court to consider his Rule 37 petition as a petition for writ of error coram nobis. In support of his petition, Noble filed an affidavit of Mark Hampton, his defense attorney at trial, and his own affidavit. On October 18, 2013, the circuit court dismissed Noble's petition and ruled that it lacked jurisdiction because Noble had not provided any evidence that the Arkansas Supreme Court had reinvested the circuit court with jurisdiction to entertain his petition for writ of error coram nobis.

On June 6, 2014, Noble filed with this court a petition to reinvest jurisdiction with the Jefferson County Circuit Court, alleging that (1) he was unaware at the time of his guilty plea that his attorney had not received the consent of the prosecutor and the circuit court for Noble to appeal the denial of his motion to suppress his statement; (2) he had been incarcerated since his arrest and had relied on his attorneys to know the applicable law; and (3) he was unaware that his plea was not voluntarily, knowingly, or intelligently made until his present attorney advised him. The State responded that his claims are not cognizable because he raised multiple ineffective-assistance-of-counsel claims in a coram-nobis proceeding under the guise that his guilty plea was coerced. On June 26, 2014, we accepted Noble's petition to reinvest jurisdiction with the Jefferson County Circuit Court as a case and now consider his petition.

SLIP OPINION

II. *Jurisdiction*

Noble argues that we should reinvest jurisdiction in the Jefferson County Circuit Court to hold a hearing on his petition for writ of error coram nobis. Specifically, Noble contends that his October 25, 1992 guilty plea was coerced and that the circuit court should now hold a hearing to consider any evidence of coercion. The State responds that Noble should have filed his petition for a writ of error coram nobis directly in the circuit court, and that because he failed to do so, we should dismiss his petition. The State alternatively asserts that this court should deny Noble's petition to reinvest jurisdiction because the writ of error coram nobis lies to correct a judgment by the court that rendered it. *See State v. Hudspeth*, 191 Ark. 963, 88 S.W.2d 858 (1935).

This court has articulated the rules for a writ of error coram nobis as follows:

> A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Mackey v. State*, 2014 Ark. 491 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id*. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).
>
> The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Mackey*, 2014 Ark. 491; *Cromeans v. State*, 2013 Ark. 273 (per curiam). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Wright v. State*, 2014 Ark. 25 (per curiam); *Greene*, 2013 Ark. 251.

*Rhoades v. State*, 2015 Ark. 54, at 3–4 (per curiam).

As a threshold, jurisdictional matter, we address whether Noble must petition this court for leave to reinvest jurisdiction in the circuit court or whether the Jefferson County Circuit Court had jurisdiction of his petition in the first instance. The general rule is that, when a conviction was entered on a plea of guilty or nolo contendere or when the conviction was not appealed, a petition for writ of error coram nobis is filed directly in the trial court. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001). However, this rule does not apply when the record is filed with the appellate court. *See Green v. State*, 2015 Ark. 25 (per curiam). In *Green*, appellant filed a petition for writ of error coram nobis in the circuit court challenging a 2008 judgment reflecting his guilty pleas in three separate cases. The circuit court denied the petition for the writ of error coram nobis, and appellant appealed the court's denial of the petition. We stated as follows:

> A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis *must first request that this court reinvest jurisdiction in the trial court because the filing of the transcript in an appellate court deprives the trial court of jurisdiction. Maxwell v. State*, 2012 Ark. 251 (per curiam). . . . The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Mackey v. State*, 2014 Ark. 491 (per curiam).

*Green*, 2015 Ark. 25, at 2 (emphasis added). Appellant Green did not appeal the 2008 judgment at issue; however, we considered Green's appeal of the circuit court's denial of his error-coram-nobis petition and ultimately dismissed it.

In the present case, Noble, unlike appellant Green, filed a direct appeal in 1992 and argued in *Noble I*, 314 Ark. 240, that the circuit court should have granted his motion to suppress his in-custody statement made to the police. We dismissed the appeal on the basis

that Noble did not condition his guilty plea by reserving in writing his right to appeal. *Id.* Years later, in 2013, Noble filed his petition for writ of error coram nobis with the Jefferson County Circuit Court, and the circuit court dismissed the petition and ruled that "[t]he petitioner has not provided any evidence that the Supreme Court has reinvested this [circuit] court with jurisdiction to hear his petition for writ of error coram nobis." As such, we agree that the circuit court properly dismissed Noble's petition for lack of jurisdiction, as two important facts in this case pertain to this court's jurisdiction. First, we dismissed Noble's direct appeal in *Noble I*, and throughout his subsequent appeals, the record for CR–93–427 remained on file in this court. Second, Noble's record in this court deprived the circuit court of jurisdiction to entertain Noble's petition at the circuit-court level. *Green*, 2015 Ark. 25, ___ S.W.3d ___ (citing *Maxwell*, 2012 Ark. 251)). Thus, based on the facts specific to this case, Noble must first ask this court to reinvest jurisdiction in the circuit court, as he has done in the instant petition.

### III. *Merits*

For purposes of determining whether to grant Noble leave to proceed in the circuit court with his petition for writ of error coram nobis, this court must first determine whether the allegations in the petition fall within one of the four categories of error that may be addressed through coram-nobis proceedings. *See Wright*, 2014 Ark. 25. In his petition to reinvest jurisdiction, Noble makes the same allegations that he made in his 2013 petition for writ of error coram nobis. These allegations include ineffective-assistance claims directed toward counsel's representation of Noble, particularly counsel's failure (1) to discuss with

Noble the witnesses who would testify on his behalf; (2) to provide the State with a list of defense witnesses; (3) to notify Noble of the plea minutes before the October 25, 1992 hearing on a Sunday afternoon; (4) to obtain the consent of the prosecutor and the court prior to the conditional plea; (5) to tell Noble that his guilty plea could not be appealed; (6) to obtain Noble's consent to enter the plea; (7) to give Noble the false promise of an appeal from his guilty plea; (8) to advise the State of witnesses regarding Noble's alcohol abuse; (9) to advise Noble that the prosecutor refused to give its consent to his appeal; (10) to advise Noble that he would withdraw his appeal; (11) to advise Noble to appeal the court's denial of his motion to suppress; (12) to deprive Noble of the voluntariness of the plea because counsel did not properly assert any known defenses; (13) to tell prosecutors that Noble's plea would be a conditional plea with the right to appeal the denial of his suppression motion; and (14) to admit that counsel had done nothing to prepare for trial. Further, Noble alleged, inter alia, that his Sunday-afternoon guilty plea was not made knowingly, voluntarily, and intelligently because (1) he relied on counsel's promise that he would be able to appeal his guilty plea, and (2) "[counsel's] unfamiliarity with the facts and law relevant to Noble's case made him so ineffective that Noble's guilty plea was not knowingly, voluntarily, or intelligently made."

To the extent that Noble intends to raise allegations of ineffective assistance of counsel, such allegations are not cognizable in a coram-nobis proceeding. Assertions of inadequate counsel are properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1. *Schrader v. State*, 2014 Ark. 379, 441 S.W.3d 1 (per curiam). We have consistently

held that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel under Rule 37.1. *Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam). Although Noble attempts to couch these claims in terms of a coerced guilty plea, they are in reality claims of ineffective assistance of counsel. Further, our review of the petition reveals no substantiated claims that Noble's guilty plea was coerced or that the plea was the result of fear, duress, or threats of mob violence. *See Weekly v. State*, 2014 Ark. 365, 440 S.W.3d 341. Accordingly, because Noble's claims do not fall within one of the four recognized categories subject to coram-nobis relief, his petition to reinvest jurisdiction with the Jefferson County Circuit Court is denied.

Petition denied.

BAKER, GOODSON, and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** Because this court never obtained jurisdiction over Noble's direct appeal, Noble does not need to petition this court to reinvest jurisdiction with the trial court in order to pursue a writ of error coram nobis. Therefore, I respectfully dissent from the majority's holding that Noble must ask this court to reinvest jurisdiction before pursuing error coram nobis relief in the trial court.

The majority correctly states the rule that a prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis must first request that this court reinvest jurisdiction in the trial court because the filing of the transcript in an appellate court deprives the trial court of jurisdiction. *Green v. State*, 2015 Ark. 25, at 2. This transcript rule, in my view, presupposes that the appellate court has

jurisdiction over the appeal and the majority errs in applying that rule when this court lacked appellate jurisdiction.[1]

In the present case, this court dismissed Noble's direct appeal because he failed to adhere to Arkansas Rule of Criminal Procedure 24.3(b), which permits a defendant to enter a conditional guilty plea under certain circumstances.[2] *Noble v. State*, 314 Ark. 240, 862 S.W.2d 234 (1993). In *Tabor v. State*, 326 Ark. 51, 930 S.W.2d 319 (1996), the court concluded that a failure to comply strictly with the terms of Arkansas Rule of Criminal Procedure 24.3(b) regarding conditional pleas of guilty precludes the appellate courts from acquiring jurisdiction. *Id*. at 52, 930 S.W.2d at 320. In doing so, this court relied, in part, on our opinion dismissing Noble's direct appeal:

> Appeals from guilty pleas are typically dismissed for lack of jurisdiction. *Scalco v. City of Russellville*, *supra*. Rule 24.3(b) provides the only procedure for an appeal from a guilty plea. *Eckl v. State*, *supra*. But if the express terms of Rule 24.3(b) are not complied with, the appellate court acquires no jurisdiction to hear an appeal from a conditional plea. *Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1995); *Scalco v.*

---

[1]This rule was first recognized in *Robinson v. Arkansas Loan & Trust Co.*, 72 Ark. 475, 81 S.W. 609 (1904), in which this court stated:

> When the appeal is granted and an authenticated copy of the record is filed in the superior court, the suit or action is thereby removed. The filing of the copy of the record is necessary, because it is the source from which the appellate tribunal obtains its knowledge of the facts in the case and of the questions upon which it is its duty to pronounce judgment. When it is filed, the appellate court's jurisdiction of the subject-matter is complete, and the cause is removed.

*Id*. at 477, 81 S.W. at 609. In *Fletcher v. State*, 198 Ark. 376, 128 S.W.2d 997 (1939), we acknowledged that the same rule had been applied to criminal cases. *Id*. (citing *Freeman v. State*, 158 Ark. 262, 249 S.W. 582, 250 S.W. 522).

[2]Except as provided by Rule 24.3(b), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1(a).

*City of Russellville*, *supra*; *Noble v. State*, 314 Ark. 240, 862 S.W.2d 234 (1993). Accordingly, this court requires strict compliance with Rule 24.3(b) to convey appellate jurisdiction. *Burress v. State*, 321 Ark. 329, 902 S.W.2d 225 (1995).

*Tabor*, 326 Ark. at 52, 930 S.W.2d at 320; *see also Green v. State*, 334 Ark. 484, 488, 978 S.W.2d 300, 302 (1998) (citing *Noble v. State*, 314 Ark. 240, 862 S.W.2d 234, among others, for the proposition that strict compliance with Rule 24.3(b) is required in order for the appellate court to obtain jurisdiction).

Since Noble's direct appeal was dismissed for lack of jurisdiction, his present petition for writ of error coram nobis is distinguishable from the authorities cited by the majority. In *Green*, the prisoner failed to pursue a direct appeal from his guilty plea. *Green*, 2015 Ark. 25. Therefore, his petition for writ of error coram nobis had to be filed in the trial court because this court never obtained jurisdiction over Green's case. In *Maxwell*, the prisoner's judgment was affirmed by this court on direct appeal. *Maxwell*, 2012 Ark. 251. Because we affirmed Maxwell's direct appeal, he had to request that this court reinvest jurisdiction in the trial court in order to pursue a writ of error coram nobis. *See State v. Hudspeth*, 191 Ark. 963, 971, 88 S.W.2d 858, 861 (1935) ("[T]he better rule is that when a judgment has been *affirmed* by this court no application for the writ of error coram nobis may be made to the trial court without permission to make such application has been given by this court, and hereafter this rule will be enforced.") (emphasis added). However, *Maxwell* is simply not applicable to the present situation because this court never obtained jurisdiction over Noble's direct appeal from his guilty plea. Moreover, the majority fails to cite any authority for the proposition that the filing of the transcript for Noble's interim collateral attacks—which were not cases directly

reviewing his original guilty plea—established jurisdiction in this court for the purposes of his error coram nobis petition. The essence of the writ of error coram nobis is that it is addressed to the very court which renders the judgment where injustice is alleged to have been done, rather than to an appellate or other court. *Dansby v. State*, 343 Ark. 635, 637, 37 S.W.3d 599, 600–01 (2001); *see also Hudspeth, supra*. Noble does not need to request that this court reinvest jurisdiction in the trial court because this court has never had jurisdiction over any appeal from his guilty plea.

Because this court never had jurisdiction over Noble's direct appeal from his guilty plea, he does not need to petition this court to reinvest jurisdiction in the circuit court to pursue a writ of error coram nobis. The majority errs in allowing an act of the parties, the act of filing the transcript, to determine which court has jurisdiction over Noble's petition for writ of error coram nobis. Based on this conclusion, I would not reach the merits of Noble's petition until the trial court has an opportunity to rule on those issues. I would dismiss Noble's petition to reinvest jurisdiction in the trial court as it is unnecessary since this court never obtained appellate jurisdiction. Therefore, I dissent.

GOODSON and HART, JJ., join in this dissent.

*Bill Luppen*, for petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for respondent.