Karen R. Baker, Justice, dissenting. Because this court never obtained jurisdiction over Noble’s direct appeal, Noble does not need to petition this court to reinvest jurisdiction with the trial court in order to pursue a writ of error coram nobis. Therefore, I respectfully dissent from the majority’s holding that Noble must ask this court to reinvest jurisdiction before pursuing error coram nobis relief in the trial court. The majority correctly states the rule that a prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis must first request that this court reinvest jurisdiction in the trial court because the filing of the transcript in an appellate court deprives the trial court of jurisdiction. Green v. State, 2015 Ark. 25, at 2, 453 S.W.3d 677. This transcript rule, in my view, presupposes that the appellate court has | ^jurisdiction over the appeal and the majority errs in applying that rule when this court lacked appellate jurisdiction.[1] In the present case, this court dismissed Noble’s direct appeal because he failed to adhere to Arkansas Rule of Criminal Procedure 24.3(b), which permits a defendant to enter a conditional guilty plea under certain circumstances.[2] Noble v. State, 314 Ark. 240, 862 S.W.2d 234 (1993). In Tabor v. State, 326 Ark. 51, 930 S.W.2d 319 (1996), the court concluded that a failure to comply strictly with the terms of Arkansas Rule of Criminal Procedure 24.3(b) regarding conditional pleas of guilty precludes the appellate courts from acquiring jurisdiction. Id. at 52, 930 S.W.2d at 320. In doing so, this court relied, in part, on our opinion dismissing Noble’s direct appeal: Appeals from guilty pleas are typically dismissed for lack of jurisdiction. Scalco v. City of Russellville, supra. Rule 24.3(b) provides the only procedure for an appeal from a guilty plea. Eckl v. State, supra. But if the express terms of Rule 24.3(b) are not complied with, the appellate court acquires no jurisdiction to hear an appeal from a conditional plea. Bilderback v. State, 319 Ark. 643, 893 S.W.2d 780 (1995); Scalco v. City of Russellville, supra; Noble v. State, 314 Ark. 240, 862 S.W.2d 234 (1993). Accordingly, this court requires strict compliance with Rule 24.3(b) to convey appellate jurisdiction. Burress v. State, 321 Ark. 329, 902 S.W.2d 225 (1995). Tabor, 326 Ark. at 52, 930 S.W.2d at 320; see also Green v. State, 334 Ark. 484, 488, 978 S.W.2d 300, 302 (1998) (citing Noble v. State, 314 Ark. 240, 862 S.W.2d 234, among others, for the proposition that strict compliance with Rule 24.3(b) is required in order for the appellate court to obtain jurisdiction). Since Noble’s direct appeal was dismissed for lack of jurisdiction, his present petition for writ of error coram nobis is distinguishable from the authorities cited by the majority. In Green, the prisoner failed to pursue a direct appeal from his guilty plea. Green, 2015 Ark. 25, 453 S.W.3d 677. Therefore, his petition for writ of error coram nobis had to be filed in the trial court because this court never obtained jurisdiction over Green’s ease. In Maxwell, the prisoner’s judgment was affirmed by this court on direct appeal. Maxwell, 2012 Ark. 251, 2012 WL 1950253. Because we affirmed Maxwell’s direct appeal, he had to request that this court reinvest jurisdiction in the trial court in I order to pursue a writ of error coram nobis. See State v. Hudspeth, 191 Ark. 963, 971, 88 S.W.2d 858, 861 (1935) (“[T]he better rule is that when a judgment has peen affirmed by this court no application [or the writ of error coram nobis may be fcade to the trial court without permission m make such application has been given by Iris court, and hereafter this rule will be «forced.”) (emphasis added). However, maxwell is simply not applicable to the B’esent situation because this court never Btained jurisdiction over Noble’s direct Hpeal from his guilty plea. Moreover, the Bijority fails to cite any authority for the Boposition that the filing of the transcript Noble’s interim collateral attacks— Bich were not cases directly previewing H original guilty plea — established juris-^■ion in this court for the purposes of his error coram nobis petition. The essence of the writ of error coram nobis is that it is addressed to the very court which renders the judgment where injustice is alleged to have been done, rather than to an appellate or other court. Dansby v. State, 343 Ark. 635, 637, 37 S.W.3d 599, 600-01 (2001); see also Hudspeth, supra. Noble does not need to request that this court reinvest jurisdiction in the trial court because this court has never had jurisdiction over any appeal from his guilty plea. Because this court never had jurisdiction over Noble’s direct appeal from his guilty plea, he does not need to petition this court to reinvest jurisdiction in the circuit court to pursue a writ of error coram nobis. The majority errs in allowing an act of the parties, the act of filing the transcript, to determine which court has jurisdiction over Noble’s petition for writ of error coram nobis. Based on this conclusion, I would not reach the merits of Noble’s petition until the trial court has an opportunity to rule on those issues. I would dismiss Noble’s petition to reinvest jurisdiction in the trial court as it is unnecessary since this court never obtained appellate jurisdiction. Therefore, I dissent. Goodson and Hart, JJ., join in this dissent. . This rule was first recognized in Robinson v. Arkansas Loan & Trust Co., 72 Ark. 475, 81 S.W. 609 (1904), in which this court stated: When the appeal is granted and an authenticated copy of the record is filed in the superior court, the suit or action is thereby removed. The filing of the copy of the record is necessary, because it is the source from which the appellate tribunal obtains its knowledge of the facts in the case and of the questions upon which it is its duty to pronounce judgment. When it is filed, the appellate court’s jurisdiction of the subject-matter is complete, and the cause is removed. Id. at 477, 81 S.W. at 609. In Fletcher v. State, 198 Ark. 376, 128 S.W.2d 997 (1939), we acknowledged that the same rule had been applied to criminal cases. Id. (citing Freeman v. State, 158 Ark. 262, 249 S.W. 582, 250 S.W. 522). . Except as provided by Rule 24.3(b), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P. — Crim. 1(a).