Manuel VEGA *v.* STATE of Arkansas

CA CR 96-410 939 S.W.2d 322

Court of Appeals of Arkansas
Division I
Opinion delivered March 12, 1997

*Paul Johnson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Asst. Att'y Gen., and *Stuart A. Clearly,* Law Student Admitted to Practice Pursuant to Rule XV(E)(1)(b) of the Rules Governing Admission to the Bar of the Arkansas Supreme Court under supervision of *Kelly K. Hill,* Deputy Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Manuel Vega was charged with possession of a controlled substance (marijuana) with intent to deliver. His pretrial motion to suppress evidence obtained as a result of a search of his pickup truck was denied. He then entered a conditional plea of guilty, reserving the right to appeal as provided in Ark. R. Crim. P. 24.3(b). He was sentenced to a term of ten years in the Arkansas Department of Correction, with imposition of an additional term suspended. *See* Ark. Code Ann. § 5-4-104(e)(3) (Supp. 1995). On appeal, he contends that the trial court erred in denying his motion to suppress. We affirm.

On April 4, 1995, Trooper Bill Glover of the Arkansas State Police stopped a pickup truck for speeding. Appellant was the driver and was accompanied by a passenger, Sherry Ford. The trooper discovered that the license plate on the truck belonged to a different vehicle and that appellant's driver's license had been suspended. Appellant was arrested for speeding and driving on a suspended license and was told that he would have to post bond before he could continue on his journey. Appellant and Ms. Ford, with Ms. Ford driving, followed the trooper to the Pope County Detention Center to post bond. Upon arriving at the detention center, a dog trained and certified in the detection of drugs was allowed to smell the outside of the truck. The dog aggressively "alerted" to the bed of the truck, indicating the presence of illegal drugs. The dog's reaction, together with the fictitious license plate and the trooper's visual observation of alterations to the bed of the truck, caused Trooper Glover and other officers to search the truck. The search uncovered 158 pounds of marijuana hidden under a false bed.

On appeal, appellant first contends that his truck was searched without reasonable cause to believe that it contained things subject to seizure. Appellant does not challenge the legality of the initial stop, his arrest, or how his truck came to be parked in the public parking lot of the detention center. Nor does he contend that the police lacked reasonable cause to search his truck after the dog alerted to it. Instead, appellant contends that the canine sniff was itself a search and that, at the time that the dog smelled the truck, the officers did not yet have the required reasonable cause. The view we take of the case does not require us to

decide whether the police had reasonable cause prior to the dog's reaction.

■ Appellant's argument flows from and depends upon the premise that the canine sniff was a search within the meaning of the Fourth Amendment. However, that premise is a false one. We hold, as many other courts have, that a canine sniff of the exterior of an automobile that is parked in a public area or is legitimately within the custody of the police is so limited an intrusion of protected privacy interests as to not amount to a Fourth Amendment search. *See, e.g., United States v. Friend,* 50 F.3d 548 (8th Cir. 1995), *vacated and remanded on other grounds,* 116 S.Ct. 1538 (1996); *United States v. Jeffus,* 22 F.3d 554 (4th Cir. 1994); *United States v. Ludwig,* 10 F.3d 1523 (10th Cir. 1993); *United States v. Seals,* 987 F.2d 1102 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 155 (1993); *United States v. Rodriguez-Morales,* 929 F.2d 780 (1st Cir. 1991), *cert. denied,* 502 U.S. 1030 (1992); *United States v. Dicesare,* 765 F.2d 890, *amended on other grounds,* 777 F.2d 543 (9th Cir. 1985); *see also United States v. Place,* 462 U.S. 696 (1983); *United States v. Vasquez,* 909 F.2d 235 (7th Cir. 1990), *cert. denied,* 501 U.S. 1217 (1991). Therefore, no reasonable cause was necessary to justify having the dog smell appellant's truck.

Appellant next contends that, after the dog alerted to the truck, the officers should not have searched it without first obtaining a warrant. He argues that, while the officers then had reasonable or probable cause to believe that the truck contained contraband, there were no exigent circumstances sufficient to justify a warrantless search because he was in the detention center and the truck was in the custody of the police. We cannot agree.

■ ■ An officer who has reasonable cause to believe that a moving or readily movable vehicle is or contains things subject to seizure may, without a search warrant, stop, detain, and search the vehicle and may seize things subject to seizure discovered in the course of the search where the vehicle is on a public way or other area open to the public. Ark. R. Crim. P. 14.1(a); *Bohanan v. State,* 324 Ark. 158, 919 S.W.2d 198 (1996). In reviewing the denial of a motion to suppress evidence obtained through a warrantless search, this court makes an independent determination

based on the totality of the circumstances, but will not reverse the trial court's decision unless its finding is clearly against the preponderance of the evidence. *Lopez v. State*, 29 Ark. App. 145, 778 S.W.2d 641 (1989).

■ Here, while appellant had been arrested and arguably was not free to leave until he posted bond, Ms. Ford, who had driven the truck to the detention center, was not under arrest and was free to leave. The truck was readily movable, and no further exigency is required to search a vehicle in an area open to the public. *See Bohanan v. State, supra.* We cannot conclude that the trial court clearly erred in denying appellant's motion to suppress.

Affirmed.

ROGERS and CRABTREE, JJ., agree.