John Lynn WILLOUGHBY *v.* STATE of Arkansas

CA CR 01-806                                      65 S.W.3d 453

Court of Appeals of Arkansas
Division IV
Opinion delivered January 16, 2002

*Fields, Tabor, Langston & Shue, P.L.L.C.*, by: *Daniel Shue*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. After the trial court denied his motion to suppress evidence, John Lynn Willoughby entered a conditional guilty plea to the charges of possession of methamphetamine, possession of drug paraphernalia, and felon in possession of a firearm. The trial court sentenced him to ten years' imprisonment in the Arkansas Department of Correction with five and one-half years suspended. Pursuant to Ark. R. Crim. P. 24.3(b), Willoughby appeals the trial court's ruling, asserting that the trial court erred by denying his motion to suppress. We affirm.

On December 13, 1999, Willoughby stopped at the Arkansas Highway Police Station on Interstate 40 near Alma. Officer Jack Stepp conducted a safety inspection of Willoughby's commercial truck. Stepp testified that during a typical inspection, an officer stops a commercial vehicle as it pulls up to the scales and checks the driver, his logbook, his fuel receipts, his paperwork, and his bill of lading. Stepp also testified that sometimes the inspections include the truck itself, such as the tire pressure, brakes, and items inside the truck, except for the driver's personal property. Stepp testified that when Willoughby came into the station, he would not stand directly in front of Stepp but over to the side. Willoughby also would not make eye contact or look at Stepp. Stepp stated that Willoughby's hands were shaking and that he acted nervous, giving Stepp the impression that he was trying to hide something, such as drug use. Stepp asked Willoughby if there were any drugs in the truck, and Willoughby replied that there should not be any. Stepp then asked Willoughby for consent to search the truck, and Willoughby asked for clarification about what seizable items meant on the consent form. After Stepp replied that it meant drugs, alcohol, stolen property, or similar items, Willoughby mentioned that there might be a radar detector in the truck, which Stepp stated is illegal in commercial trucks. Willoughby refused to sign the consent form.

At this point, Stepp decided to walk his certified police dog, which was at the scene, around the truck. Stepp testified that he was not finished with his safety inspection at this time and that Willoughby was not free to leave until he completed the inspection. The dog alerted to the driver's door, and Stepp proceeded to search that area of the truck. Between the driver's seat and the passenger's seat, Stepp noticed a radar detector, and underneath it was a metal binder that had a white powder residue on it along with a plastic tube with residue on it. In the sleeper berth, Stepp found two more plastic tubes with white powder, a bottle with a powder substance, a razor blade, a plastic bag with a white substance, and a gun. Stepp testified that the white powder substance on the objects field-tested

positive for methamphetamine. Willoughby was then placed under arrest.

Willoughby was charged with possession of methamphetamine, possession of drug paraphernalia, and being a felon in possession of a firearm. Willoughby filed a motion to suppress the evidence found inside the truck. After the trial court denied the motion, Willoughby entered a conditional plea of guilty. Judgment was entered on January 11, 2001, sentencing Willoughby to ten years' imprisonment in the Arkansas Department of Correction with five and one-half years suspended. Willoughby brings this appeal from the trial court's ruling.

■ Willoughby argues that the trial court erred in denying his motion to suppress evidence. In reviewing an order denying a motion to suppress evidence, appellate courts make an independent determination based on the totality of the circumstances. *Newton v. State*, 73 Ark. App. 285, 43 S.W.3d 170 (2001). We will reverse the trial court's ruling only if it was clearly against the preponderance of the evidence. *Id.*

■ ■ Officer Stepp was authorized to stop Willoughby in order to conduct a safety inspection of the truck pursuant to Ark. Code Ann. § 23-13-217(c)(1) (Supp. 1999), and Willoughby does not argue that the initial stop was unlawful. Willoughby argues, however, that Stepp did not have reasonable suspicion to justify conducting a canine sniff of the truck. Although Willoughby's nervous behavior may have been sufficient to constitute reasonable suspicion on the part of Stepp, no further justification was needed here to conduct the canine sniff. A canine sniff of the exterior of a vehicle that is parked in a public area does not amount to a Fourth Amendment search. *Vega v. State*, 56 Ark. App. 145, 939 S.W.2d 322 (1997). Moreover, when an officer has a police dog at his immediate disposal, a motorist's detention may be briefly extended for a canine sniff of the vehicle in the absence of reasonable suspicion, without violating the Fourth Amendment. *United States v. Morgan*, 270 F.3d 625 (8th Cir. 2001); *United States v. $404,905.00 in U.S. Currency*, 182 F.3d 643 (8th Cir. 1999), *cert. denied*, 528 U.S. 1161 (2001). In this case, Stepp had not completed his safety inspection when he decided to conduct the canine sniff, and Stepp testified that his dog was at the scene. The additional time it took for the dog to walk around the truck was a minimal intrusion on Willoughby's personal liberty. *See United States v. $404,905.00 in U.S. Currency, supra*. It was not necessary for Stepp to have further justification for the canine sniff in this situation. Once the dog

alerted, this constituted probable cause for Stepp to search Willoughby's truck. *Newton v. State, supra.*

■ Willoughby also argues that no exigent circumstance existed under Ark. R. Crim. P. 14.1, which excused Stepp from obtaining a search warrant for the truck after the dog alerted on the door. Rule 14.1 provides that an officer who has probable cause to believe that a moving or readily movable vehicle contains things subject to seizure may search the vehicle without a warrant if the vehicle is located in an area open to the public. Willoughby contends that because he would not have been able to drive away in his truck at that point, that his truck was not readily movable. However, even where the appellant is in custody, our appellate courts have held that a vehicle is readily movable because it is capable of being driven off by a third party if in an area open to the public. *See Reyes v. State,* 329 Ark. 539, 954 S.W.2d 199 (1997); *see Vega v. State, supra.* Here, Willoughby's truck was parked in the inspection station, and there is no indication that this area is not on a public way or is not open to the public. In fact, the inspection station is located on a busy interstate and, by its very nature, there are vehicles passing through the station constantly. In this situation, a search warrant was not required of Stepp in order to search the interior of the vehicle.

■■ It should also be noted that even if the search of Willoughby's truck pursuant to the canine sniff had been illegal, it was proper for the trial court to deny Willoughby's motion to suppress the evidence seized from the truck under the inevitable-discovery doctrine. Under this doctrine, evidence that would otherwise be suppressed is admissible if the State proves by a preponderance of the evidence that the police would have inevitably discovered the evidence by lawful means. *Miller v. State,* 342 Ark. 213, 27 S.W.3d 427 (2000). Here, the evidence indicates that the contraband seized from the truck would have been inevitably discovered during Officer Stepp's completion of the safety inspection. As Stepp testified, he has the authority to search the interior of a truck during a safety inspection, and in this case, Willoughby admitted that he had a radar detector in his truck, which is illegal and subject to seizure. *See* Federal Motor Carrier Safety Regulations, 49 C.F.R. § 392.71 (2001). As the trial court noted, Stepp would have discovered the contraband when he seized the radar detector, as a metal binder and a plastic tube with drug residue on them were found underneath the radar detector. Thus, the trial court's denial of Willoughby's motion to suppress the evidence was not clearly against the preponderance of the evidence.

Affirmed.

ROBBINS and GRIFFEN, JJ., agree.