John R. McMULLEN *v.* STATE of Arkansas

CA CR 01-1100                                    82 S.W.3d 827

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered August 28, 2002

*Buckley & McLemore, P.A.,* by: *Kent McLemore* and *The Chase Law Group,* by: *Alan Baum,* for appellant.

*Mark Pryor,* Att'y Gen., by: *David J. Davies,* Ass't Att'y Gen., for appellee.

L ARRY D. VAUGHT, Judge. Appellant, John R. McMullen, appeals the trial court's denial of his motion to suppress evidence obtained during the execution of a search warrant. He contends that the search warrant was defective because the affiant knowingly and intentionally omitted information that would have negated the magistrate judge's finding of probable cause to issue the warrant. Following the denial of the motion to suppress, appellant pled guilty to two counts of rape and was sentenced to 480 months in the Department of Correction. In entering his guilty plea, appellant apparently attempted to preserve his right to appeal from the trial court's order denying his motion to suppress evidence pursuant to Ark. R. Crim. P. 24.3. We cannot find, however, that appellant complied with the requirements of the rule. Therefore, we must dismiss the appeal for lack of jurisdiction.

■ Rule 24.3(b) of the Arkansas Rules of Criminal Procedure provides:

> (b) With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendre contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

The supreme court has interpreted Ark. R. Crim. P. 24.3(b) to require strict compliance with the writing requirement in order for the appellate court to obtain jurisdiction. *See Simmons v. State,* 72 Ark. App. 238, 34 S.W.3d 768 (2000)(citing *Green v. State,* 334 Ark. 484, 978 S.W.2d 300 (1998)). This includes a require-

ment that the conditional plea be reserved in writing by the defendant. *Tabor v. State*, 326 Ark. 51, 930 S.W.2d 319 (1996). Absent compliance with the express terms of Rule 24.3(b), this court acquires no jurisdiction to hear an appeal, even when there has been an attempt at trial to enter a conditional plea. *Simmons, supra* (citing *Ray v. State*, 328 Ark. 176, 941 S.W.2d 427 (1997)).

The abstract in the present case reflects that after the motion to suppress was denied, appellant's counsel stated, "Your honor, we are proposing that you accept the conditional plea in this case preserving Mr. McMullen's right to appeal this particular issue that was litigated today. He is prepared to plead guilty should you see fit to accept the conditional plea to two counts of rape." An abstractor's note following the statement indicates that a plea questionnaire was prepared and that the trial judge accepted the appellant's plea following a plea inquiry. Although the discourse between parties and the court following the denial of the motion to suppress indicates that appellant attempted to make a conditional plea of guilty, we find that appellant failed to reserve in writing the right to review of an adverse determination of a pretrial motion to suppress evidence as required by Rule 24.3(b).

█ The plea questionnaire referred to in the abstractor's note was neither abstracted nor contained in the addendum, but it is a part of the record on appeal. The document is entitled "PLEA QUESTIONNAIRE" and consists of a list of questions answered by appellant. Appellant and his attorney also signed the document. The document, however, does not reflect that appellant made a conditional plea, but instead contradicts any notion that a conditional plea was made. One question provided: "Do you understand the effect of a plea of guilty to the charges against you, in that there is no appeal and you can't withdraw your plea later on?" Appellant responded "yes." There is no other writing in which appellant reserved his right to appeal the denial of the motion to suppress.[1] Because appellant failed to comply with

---

[1] The judgment and commitment order contains a hand-written notation of "Conditional Plea." However, it is not signed by the appellant and there is no indication of who wrote it or when it was written.

Rule 24.3(b), we must dismiss the appeal. *See Simmons, supra* (dismissing appeal of denial of motion to suppress where exchange between defense counsel and court indicated appellant was entering a conditional plea but the written guilty plea statement contradicted any attempt to make a conditional plea because the statement provided that appellant waived the right to challenge on appeal the admissibility of evidence and the right to appeal from the judgment).

Appeal dismissed.

STROUD, C.J., BIRD, BAKER, and ROAF, JJ. agree.

HART, J., dissents.

JOSEPHINE LINKER HART, Judge, dissenting. I disagree with the majority's conclusion, raised *sua sponte* on appeal and not argued by the State, that appellant failed to comply with Rule 24.3(b). Before a plea was entered and in the presence of the prosecuting attorney, the trial judge asked the appellant, "Now, this plea as I understand it for the record is pursuant to the provisions of Rule 24.3(b), a conditional plea wherein the Defendant reserves his right to appeal the suppression issue that was just heard immediately prior to this plea; is that correct?" Appellant replied affirmatively, and on the face of the judgment and commitment order, which was signed by the trial judge and dated the same day as the hearing, the phrase "conditional plea" was handwritten beside the paragraph containing the following preprinted language: "defendant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty or nolo contendere." When the judgment and commitment order is read in the context of what occurred at the hearing, the writing must be deemed sufficient.

Citing *Simmons v. State*, 72 Ark. App. 238, 34 S.W.3d 768 (2000), the majority concludes that the plea questionnaire contradicts any notion that the appellant made a conditional plea. The preprinted questionnaire asks appellant whether he "understand[s] [that] the effect of a plea of guilty to the charges against you, is that there is no appeal and you can't withdraw your plea

later on?" However, I am persuaded after considering the judgment and commitment order and the court's remarks, this question cannot plausibly be read to suggest that appellant was entering an unconditional guilty plea.

The majority mentions in a footnote that the phrase "conditional plea" was handwritten on the judgment and commitment order and states that there is no indication who wrote it on the order. I note that the rule does not require the scrivener to be identified and further note that the order was signed by the trial judge. While the majority states that appellant did not sign the order, I do not find the fact significant, since Rule 24.3(b) does not require the defendant to sign and date the conditional plea; it only requires that the conditional plea be in writing. The majority further asserts that it is not apparent when the handwritten notation of "conditional plea" was written; the order, however, was dated and filed the same day as the hearing. Thus, considering that the phrase "conditional plea" was written on the order and that the remarks on record indicate a conditional plea was being entered, I conclude that appellant preserved his right to appeal by satisfying the requirements that the plea must be made in a contemporaneous writing and approved by the trial court with the consent of the prosecuting attorney.

If we were to address the issue raised by appellant, I would require that this record be remanded to the trial court to settle the record. There are inconsistencies between versions of a document entitled "Memorandum of Interview" that appear in the record and in appellant's brief. The document is relevant to a determination of the merits of appellant's argument, and the presence of these inconsistent versions bears upon the candidness of not only the parties but also the truthfulness of matters discussed in the document. I respectfully dissent.