William Patrick MILLER, and Loretta Anita Jackson v.
STATE of Arkansas

CA CR 02-698 102 S.W.3d 896

Court of Appeals of Arkansas
Division III
Opinion delivered April 16, 2003

*J. Martin Honeycutt,* for appellant.

· *Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Ass't Att'y Gen. *KaTina Hodge,* Law Student, and *Darnisa Evans Johnson,* Deputy Att'y Gen, for appellee.

OLLY NEAL, Judge. This is an appeal from the denial of a motion to suppress in the Crawford County Circuit Court, after which appellants entered conditional pleas of nolo contendere for possession of marijuana with the intent to deliver and reserved their right to appeal the suppression denial. Each appellant was fined $3,500 plus costs and sentenced to ten years' imprisonment in the Regional Punishment Facility with nine years suspended. On appeal, appellants argue that the trial court erred in denying their motions to suppress. We affirm.

On October 15, 2001, Trooper Raymond Triplett stopped appellants' vehicle on Interstate 40 for following too closely. Triplett advised the driver, appellant Loretta Jackson, and her passenger, appellant William Miller, of the reason for the stop and requested identification; both complied with the officer's request. The officer issued Jackson a citation for driving on a suspended license and gave her a written warning.

During the course of events, Trooper Triplett learned that Miller had rented the car and that he and Jackson were traveling from California to Georgia for a couple of days to see some friends. Triplett looked inside the vehicle, noticing "not too many clothes or any kind of luggage in the back seat," just "a jacket, perhaps small food items." Triplett then asked Jackson and

Miller about their clothing and luggage, and they both informed Triplett that everything they had was in the back seat of the vehicle. Both Jackson and Miller advised Triplett that they did not have any knowledge as to what was in the trunk.

Finding this suspicious, Trooper Triplett asked Jackson if she would object to a search of the vehicle, to which she responded that she could not give consent because she had not rented the vehicle. Triplett advised Jackson that "because she was driving the vehicle that she was in control, and had authority to grant consent." Triplett also noticed that "Mr. Miller lost all eye contact with me. He sunk down in his seat and looked straight ahead. He appeared to be highly nervous at that point." The officer stated that Jackson did not give him consent; therefore, he advised her that he was going to "run [his] K-9 around the vehicle for a quick K-9 scan." Trooper Triplett went to his car and retrieved his canine.

When Trooper Triplett walked the canine around the car, the dog gave an alert or indication by stopping and jumping up at the trunk and scratching several times with its paws. The trooper then informed Jackson and Miller that he was going to search the trunk. When he opened the trunk, Trooper Triplett found three black suitcases filled with wrapped packages of marijuana. Trooper Triplett placed appellants under arrest. Both were charged with possession of a controlled substance with intent to deliver.

Appellants moved to suppress the evidence seized during the traffic stop, arguing that the evidence was obtained in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and Article II, Sections 8 and 10, of the Arkansas Constitution. The motions were denied. Thereafter, appellants entered conditional pleas of nolo contendere, and the trial court sentenced them accordingly. This appeal followed.

Appellants do not challenge the legality of the initial stop or their arrest. On appeal, appellants argue, pursuant to Ark. R. Crim. P. 24.3, that the trial court erred in denying their motion to suppress evidence. In response, the State first argues that appellants have not demonstrated that they are entitled to a conditional-plea appeal and that we are without jurisdiction to hear the case. We will address this issue first.

## Conditional Plea

 ██ Rule 24.3 of the Arkansas Rules of Criminal Procedure states in pertinent part that:

> (b) With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

> \* \* \*

> (d) No plea of guilty or nolo contendere shall be accepted by any court unless the prosecuting attorney of the governmental unit in which the offense occurred is given opportunity to be heard at the time the plea is tendered. In any criminal cause in which trial by jury is a right, a court shall not accept a plea of guilty or nolo contendere unless the prosecuting attorney has assented to the waiver of trial by jury.

Ark. R. Crim. P. 24.3 (2002). The rule requires both the consent of the prosecuting attorney and the approval of the trial court; additionally, the intent to reserve the right to appeal must be entered contemporaneously with the plea. *See Barnett v. State,* 336 Ark. 165, 984 S.W.2d 444 (1999). The supreme court has interpreted Ark. R. Crim. P. 24.3(b) to require strict compliance with the writing requirement in order for the appellate court to obtain jurisdiction; this includes a requirement that the conditional plea be reserved in writing by the defendants. *McMullen v. State,* 79 Ark. App. 15, 84 S.W.3d 44 (2002). Absent compliance with the express terms of Rule 24.3(b), the appellate court acquires no jurisdiction to hear an appeal, even when there has been an attempt at trial to enter a conditional plea. *Id.*

In its argument, the State argues:

> Concerning their apparent attempted conditional guilty pleas, appellants' addendum contains only their amended judgment and commitment orders entered on May 8, 2002, and documents entitled "Additional Terms/Conditions of Disposition." Appellants' abstract fails to provide any other basis upon which to determine if Rule 24.3 was complied with, although it recited that they entered conditional pleas. While the judge signed the judgment and commitment orders, neither the judge, the prose-

cuting attorney, nor Appellants also signed the attached Additional Terms/Conditions of Disposition, although they recite that theirs [sic] pleas are conditional. Thus, appellants have not demonstrated strict compliance with Rule 24.3(b) and this Court's jurisdiction to hear the merits of their appeal.

■ In *McCormick v. State*, 74 Ark. App. 349, 354-55, 48 S.W.3d 549, 552 (2001), we stated that

> Rule 24.3 does not specify the manner in which the State is to manifest its consent to the conditional guilty plea, so being present, contesting the objectionable aspects of the disposition of the case, and allowing the plea to be entered as a "negotiated plea of guilty" should be sufficient to preserve the suppression issue for appeal. Obviously, for a "negotiated" plea to exist it requires negotiation, and the only other interested party is the State. In contract law, manifestation of assent may be made by spoken words or by conduct.

There, we held that the prosecutor manifested assent by showing up in court and acquiescing to the entry of the negotiated plea agreement. We stated that "[t]o hold otherwise would be to give the State the benefit of the bargain while simultaneously relieving it of its obligation to consent." *Id.* at 355, 48 S.W.3d at 552.

In the instant case, the record reflects that a suppression hearing was held on April 22, 2002, and the trial court denied appellants' motions. The record indicates that prosecuting attorneys Marc McCune and Will Jones; Miller's defense attorneys, Marvin Honeycutt and Charles Waldman; and Jackson's defense attorney, Ernie Witt, were present at the hearing. Following the court's ruling, Jackson's defense attorney, Witt, informed the trial court that "[w]e're going to do a conditional plea, Judge, so hopefully we may do that this morning." Thereafter, the record reflects that appellants entered conditional pleas.

Immediately following appellants entrance of conditional pleas, a "Conditional Plea Proceeding," was had, and the following colloquy took place:

COURT: Are we going to have some conditional pleas or not? All right, the State alleges here that on or about the 16th day of October of 2001, that you unlawfully and feloniously possessed marijuana with intent to deliver, a schedule VI

controlled substance, weight being greater than 100 pounds. Do each of you understand the nature of the charge?

DEFENDANT JACKSON: Yes.

DEFENDANT MILLER: Yes.

COURT: Do you understand that you have a right if you believe you're innocent to a trial by jury, do each of you understand that?

DEFENDANT JACKSON: Yes.

DEFENDANT MILLER: Yes.

COURT: The fact that you're here this morning, indicates to the Court that you're about to enter pleas in the case, give up your right to a trial by jury, give up your right to confrontation and simply plead to the charge, am I correct about that?

MR. WITT: Yes sir, it's a conditional plea, Judge.

MR. HONEYCUTT: That's correct, that's on both of them, a conditional.

COURT: Are you entering your pleas here based on the belief that you are in fact in violation, subject to the decisions by any appellant [sic] court on the legal issues involved.

DEFENDANT JACKSON: Yes.

DEFENDANT MILLER: Yes.

COURT: All right, tell me about it.

MR. JONES: Your Honor, on the date alleged in the information officers stopped the 2001 Nissan Maxima that these defendants were traveling in for following too closely; officers then ran a K–9 around the vehicle, and the K–9 alerted to the trunk area of the vehicle. Officers then searched the trunk area and found three black suitcases which contained bundles of marijuana, which weighed approximately 100 pounds, and the marijuana

did test positive at the State Crime Lab, Your Honor.

COURT: Is that true as it relates to you, Loretta?

DEFENDANT JACKSON: Yes.

COURT: Is that true as it relates to you, William?

DEFENDANT MILLER: Yes.

COURT: Each of you entering your plea voluntarily?

DEFENDANT JACKSON: Yes.

DEFENDANT MILLER: Yes.

COURT: Each of you understand that the range of punishment here is 5 to 30 years in the Arkansas Department of Corrections [sic] — or is it 6 to 30, I guess isn't it, and/or a fine of $15,000?

DEFENDANT JACKSON: Yes.

DEFENDANT MILLER: Yes.

COURT: Are either of you under the influence of any drug or anything to keep you from understanding what's happening?

DEFENDANT JACKSON: No.

DEFENDANT MILLER: No.

COURT: Do you fully understand what's going on here, each of you?

DEFENDANT JACKSON: Yes.

DEFENDANT MILLER: Yes.

\* \* \*

COURT: Loretta, how do you plead on possession of marijuana with intent to deliver?

DEFENDANT JACKSON: No contest.

COURT: How do you plead, William?

DEFENDANT MILLER: No contest.

The Court then sentenced the appellants.

The State correctly points out that the only thing we have in the abstract is appellants' judgment and commitment orders with

an attached sheet entitled "Additional Terms/Conditions of Disposition." These sheets indicate that the pleas entered were conditional, but do not indicate that they were with the approval of the court and consent of the prosecuting attorney. Found in the record were documents entitled "PLEA STATEMENT." However, neither of these documents indicate that they were approved by the court and consented to by the prosecuting attorney nor do they include the word "conditional" on them anywhere. *See Green v. State*, 334 Ark. 484, 978 S.W.2d 300 (1998) (where the record reflected that the handwritten word "conditional" appeared above the typed heading "PLEA STATEMENT" at the top of the form signed by appellant, and where that portion of the plea statement acknowledging waiver of the right to appeal was crossed out and initialed by appellant, appellant met the Ark. R. Crim. P. 24.3(b) requirement of "reserving in writing" his right to appellate review).

Nevertheless, what we have before us are appellants' judgment and commitment orders with an attached sheet entitled "Additional Terms/Conditions of Disposition." These sheets indicate that the pleas entered were conditional. Additionally, we have the conditional plea proceeding immediately following the suppression hearing where the trial court asked defense counsels, "[a]re we going to have some conditional pleas or not?" Finally, we have the presence of prosecuting attorney Will Jones who, during the conditional plea proceeding, informed the court of the facts of the case. Therefore, in accordance with our holding in *McCormick v. State, supra*, the prosecutor manifested assent by showing up in court and acquiescing to the entry of the negotiated plea agreement. To hold otherwise would be to give the State the benefit of the bargain while simultaneously relieving it of its obligation to consent. *See McCormick v. State*, 74 Ark. App. at 355, 48 S.W.3d at 552.

## Motions to Suppress

In reviewing denial of a motion to suppress evidence, the appellate court makes an independent examination based upon the totality of the circumstances and reverses only if the decision is clearly against the preponderance of the evidence. *Hilton v. State*, 80 Ark. App. 401, 96 S.W.3d 757 (2003). A determination of the preponderance of the evidence depends heavily on questions of

credibility and weight to be given testimony, and the appellate court defers to the superior position of the trial court on those questions. *Id.*

Appellants contend that the trial court erred in denying their motions to suppress, according to the case of *Knowles v. Iowa*, 525 U.S. 113 (1998), because (1) probable cause did not exist as Trooper Triplett's only observation in attempting to reach the threshold of probable cause was that Mr. Miller broke eye contact when Ms. Jackson asserted her constitutional right to refuse consent to a search; and (2) Trooper Triplett did not have the authority to continue questioning them after he issued the traffic citations because (a) he did not fear for his safety and (b) he had gathered all necessary information for issuing a citation. We find appellants' arguments unpersuasive.

 In order for a police officer to make a traffic stop, he must have probable cause to believe that the vehicle has violated a traffic law. *Laime v. State*, 347 Ark. 142, 60 S.W.3d 464 (2001). Probable cause is defined as facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. *Id.* "During this process, the officer may ask the motorist routine questions such as his destination, the purpose of the trip, or whether the officer may search the vehicle, and he may act on whatever information is volunteered." *Id.* at 158, 60 S.W.3d at 474. In assessing the existence of probable cause, appellate review is liberal rather than strict; whether a police officer has probable cause to make a traffic stop does not depend on whether the driver was actually guilty of the violation which the officer believed to have occurred. *Id.*

██ ██ An officer who has reasonable cause to believe that a moving or readily movable vehicle contains things subject to seizure may, without a search warrant, stop, detain, and search the vehicle and may seize things subject to seizure discovered in the course of the search where the vehicle is on a public way or other area open to the public. *Vega v. State*, 56 Ark. App. 145, 939 S.W.2d 322 (1997). Furthermore, a canine sniff of the exterior of a vehicle does not amount to a Fourth Amendment search. *Willoughby v. State*, 76 Ark. App. 329, 65 S.W.3d 453 (2002). Moreover, when an officer has a police dog at his immediate disposal, a motorist's detention may be briefly extended for a canine sniff of

the vehicle in the absence of reasonable suspicion without violating the Fourth Amendment. *Id.* Once a canine dog alerts, an officer has probable cause to suspect the presence of illegal contraband. *See id.*

 In the instant case, Trooper Triplett made a traffic stop because he had probable cause to believe that appellants' vehicle had violated a traffic law, namely following too closely. During the course of this stop, Trooper Triplett learned that appellants were traveling from California to Georgia to visit some friends, that they did not have any luggage, and that they did not know what was in the trunk of the vehicle. When Trooper Triplett asked appellant Jackson whether he could search the vehicle, appellant Miller became nervous. When consent was denied, Trooper Triplett walked his canine around the vehicle, and the dog alerted near the trunk of the vehicle. Although mere nervousness, standing alone, will not constitute reasonable suspicion of criminal activity and grounds for detention, *see Laime v. State, supra,* no further justification was needed here because neither appellant was under arrest and both were free to leave. However, upon learning the information that he did while conducting the traffic stop, Trooper Triplett was entitled to search the vehicle on Interstate 40 because the car was readily movable. *See Vega v. State, supra.* Furthermore, we cannot conclude that the trial court clearly erred in denying appellant's motion to suppress because even in the absence of reasonable suspicion and without violating the Fourth Amendment, Trooper Triplett, with his police dog at his immediate disposal, could perform a permissible canine sniff. The additional time it took for the dog to walk around the car was a minimal intrusion on appellants' personal liberty. Once the dog alerted, this constituted probable cause for Triplett to search appellants' vehicle.

Affirmed.

GLADWIN and BAKER, JJ., agree.