Danny GRUPA *v.* STATE of Arkansas

CA CR 03-7                                    128 S.W.3d 470

Court of Appeals of Arkansas
Division III
Opinion delivered November 12, 2003

*James P. Clouette*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Danny Grupa appeals his convictions for manufacturing methamphetamine and possession of methamphetamine with intent to deliver. Appellant purportedly entered conditional guilty pleas to these charges. On appeal, appellant asserts that there lacked probable cause upon which to issue a warrant to search his house, and that therefore, the trial court erred in denying his motion to suppress.

First, we must determine whether we have jurisdiction to hear this appeal. When a defendant pleads guilty to a charge, he or she waives the right to appeal that conviction. *Green v. State*, 334 Ark. 484, 978 S.W.2d 300 (1998). For relevant purposes before us, only a conditional plea pursuant to Ark. R. Crim. P. 24.3(b) enables a defendant to retain the right to appeal an adverse suppression ruling. Ark. R. App. P.—Crim. 1(a) (2002); *Barnett v. State*, 336 Ark. 165, 984 S.W.2d 444 (1999).

Rule 24.3 of the Arkansas Rules of Criminal Procedure states in pertinent part that:

> (b) With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

The supreme court requires the written reservation of the right to appeal to be entered contemporaneously with the plea. *See Barnett v. State, supra*. The supreme court has interpreted Ark. R. Crim. P. 24.3(b) to require strict compliance with the writing requirement in order for the appellate court to obtain jurisdiction. *McMullen v. State*, 79 Ark. App. 15, 82 S.W.3d 827 (2002). Absent strict compliance, the appellate court acquires no jurisdiction to hear an appeal, even when there has been an attempt at trial to enter a conditional plea. *Id.*

In the present situation, there was an oral entry of guilty pleas and a judgment and commitment order filed of record. In the in-chambers plea on September 10, 2002, the prosecutor, the trial judge, defense counsel, and the defendant were present. Defendant Grupa verbally entered guilty pleas with the express reservation of the right to appeal the denial of his motion to suppress, the trial judge verbally confirmed that reservation, and the prosecutor verbally assented to the pleas. The judgment and commitment order reflected in writing that for each crime appellant now appeals, "Defendant voluntarily, intelligently, and knowingly entered a plea directly to the court of a conditional plea of guilty with the right to appeal the Court's denial of his motion to suppress." The order also recited that "Defendant was informed of the right to appeal." The order was signed by the circuit judge, the prosecutor, and defense counsel on September 16, 2002. The order was filed on September 20, 2002. Even though there was a writing, specifically reserving the right to appeal the suppression issue, signed by the judge and the attorneys for each side, commemorating the oral entry of guilty pleas reserving this right six days earlier, we glean from the cases on this subject that the writing was not "contemporaneous."

In *Barnett v. State*, 336 Ark. 165, 984 S.W.2d 444 (1999), the supreme court dismissed an appeal from a purported conditional plea for lack of strict compliance with Rule 24.3, in part due to lack of a "contemporaneous" writing. Barnett entered his guilty plea on January 5, 1998; however, the only date on the relevant plea statement was the date that it was filed, the following day on January 6. "A signed plea statement entered after the guilty plea is not a contemporaneous writing and thus does not demonstrate strict compliance with Rule 24.3(b)." *Id.* at 170. *See also Tabor v. State*, 326 Ark. 51, 930 S.W.2d 319 (1996). Given the holding in *Barnett, supra*, that a writing filed one day after the oral entry of a guilty plea is not "contemporaneous," then the judgment and commitment order signed six days later in the present appeal is likewise not a contemporaneous writing.[1] Appeal dismissed for want of appellate jurisdiction.

---

[1] An examination of the requirements of Rule 24.3(b) is found in Judge Wendell Griffen's concurring opinion to *Hill v. State*, 81 Ark. App. 178, 100 S.W.3d 84 (2003). Numerous cases are cited in which appeals have been dismissed following attempts to enter compliant conditional pleas. Judge Griffen stated:

Dismissed.

PITTMAN and ROAF, JJ., agree.

After a thorough review of the applicable case law, one is left with the impression that, to be effective, a conditional guilty plea agreement must be evidenced by a contemporaneous writing which unequivocally declares that the defendant pleads guilty, but expressly reserves the right to appeal the trial court's decision to deny a suppression motion as permitted by Rule 24.3(b). Furthermore, such conditional guilty-plea agreements should bear the signature of the defendant and defense counsel, and demonstrate the prosecutor's consent and the court's approval as proven by their signatures and appropriate text in the document. Until our supreme court declares that this is what must be done to constitute strict compliance with Rule 24.3(b), perhaps supplemented by a model form that trial courts, prosecutors, and defense counsel can use when defendants indicate that they want to enter conditional guilty pleas, trial courts, prosecutors, defense counsel, defendants, and appellate judges will continue to trip and stumble.

*Id.* at 189-90, 100 S.W.3d at 91-92.