

Cite as 2013 Ark. 407

# SUPREME COURT OF ARKANSAS

No. CR-12-1110

BRODERICK LLOYD LASWELL
APPELLANT

v.

STATE OF ARKANSAS
APPELLEE

**Opinion Delivered**   October 10, 2013

PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [BENTON COUNTY CIRCUIT COURT, 04CR-07-1550, HON. ROBIN F. GREEN, JUDGE]

APPEAL DISMISSED; MOTION MOOT.

**PER CURIAM**

On February 18, 2011, judgment was entered reflecting that appellant Broderick Lloyd Laswell had been found guilty of capital murder and aggravated robbery and was sentenced as a habitual offender to consecutive sentences of life imprisonment without parole and 720 months' imprisonment, respectively. This court affirmed. *Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 808. The mandate was issued on May 30, 2012.

On August 21, 2012, eighty-three days after the mandate was issued, appellant filed in the trial court a pro se request for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011), contending that he had been afforded ineffective assistance of counsel. On September 6, 2012, the trial court dismissed the petition on the ground that it was untimely. Subsequently, appellant filed a timely notice of appeal, along with a motion for reconsideration of the order dismissing the petition. Now before us is appellant's motion for extension of time to file his brief-in-chief.

SLIP OPINION

We need not consider the merits of the motion for extension of time because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). In this case, the trial court did not have jurisdiction to consider appellant's Rule 37.1 petition because the petition was not timely filed.

Pursuant to Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if the petition is not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *Holliday*, 2013 Ark. 47; *Bates*, 2012 Ark. 394; *Talley v. State*, 2012 Ark. 314 (per curiam). The petition before the trial court was not timely filed, and, thus, the trial court had no jurisdiction to grant the relief sought. Where the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Holliday*, 2013 Ark. 47; *Winnett v. State*, 2012 Ark. 404 (per curiam); *Martin*, 2012 Ark. 312.

Appeal dismissed; motion moot.