

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–272

| | |
|---|---|
| SERGIO ANDRADE–MARTINEZ<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br><br>APPELLEE | **Opinion Delivered** October 23, 2013<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR–2012–677]<br><br>HONORABLE WILLIAM A. STOREY, JUDGE<br><br>AFFIRMED |

## RHONDA K. WOOD, Judge

What began as an attempted traffic stop by an observant officer noticing that appellant Sergio Andrade–Martinez ("Martinez") was not wearing his seatbelt, accelerated to a standoff between Martinez and law enforcement that culminated with Martinez shooting an officer. A Washington County jury convicted Martinez of eight counts of attempted capital murder, two counts of aggravated assault, felon in possession of a firearm during the commission of a felony, felon in possession of a firearm, possession of cocaine, and simultaneous possession of drugs and a firearm, sentencing him with eight firearm enhancements to 149 years' imprisonment. On appeal, he challenges the sufficiency of the evidence to support his convictions and argues that the circuit court erroneously denied his motion to suppress. We find no error and affirm.

SLIP OPINION

On March 24, 2012, Martinez eluded a traffic stop and, while being pursued by law enforcement, drove to his apartment complex and entered his apartment. When officers arrived at the complex, they were met by Martinez's girlfriend who told them that Martinez ran into the apartment drunk while exclaiming that police were chasing him. The girlfriend led police back to the apartment, and upon realizing Martinez had a gun, they retreated, and officers formed a perimeter around the building. The officers heard a muffled gunshot and demanded that Martinez drop the gun and come out, to which he replied, "I'm ready for you."

Shortly thereafter, additional officers arrived on the scene and more gunshots were heard. Martinez had a tactical advantage over the officers based on his elevated position in a second floor apartment and the lighting of the complex. Martinez continued firing at the officers. One officer was shot while attempting to take cover. Various officers described Martinez aiming directly at them while firing his weapon. Martinez shot through the window in a neighboring apartment, shattering glass and forcing police to instruct the apartment's residents to hide in their bathtub for the duration of the standoff. At one point, an officer requested that Martinez end the standoff peacefully to which Martinez shouted, "F—k you. The police need to leave. You need to kill me. I'm going to kill the police." After more than six hours, Martinez was eventually taken down by the Emergency Response Team.

Following the arrest, law enforcement obtained a warrant and searched Martinez's apartment, finding a pistol. This first search was difficult as a result of the length of the standoff, the late hour of the search, the lack of electricity in the building, and the tear gas



deployed in the apartment during the negotiations. Officers knew it was apparent that a second search would have to be conducted because the bullets found in the pistol did not match the bullet fragment found in the shot officer's leg. Police subsequently interviewed Martinez, admittedly in violation of his *Miranda* rights, and he told them there was another weapon in the apartment. The officers obtained a second warrant, adding the statements from Martinez to the affidavit, conducted a second search, and located the additional weapon and the cocaine.

## I. *Sufficiency of the Evidence*

Martinez argues that the circuit court should have granted his motions for directed verdict because insufficient evidence supports his convictions on all charges. We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Navarro v. State*, 371 Ark. 179, 264 S.W.3d 530 (2007). Our appellate courts have repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id*. We affirm a conviction if substantial evidence exists to support it. *Id*. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*.

Based on a review of the evidence, there was clearly substantial evidence that supported the jury's decision on all of the charges without the jury having to resort to conjecture or speculation. We therefore affirm the circuit court's denial of the motions for directed verdict.



## II. *Motion to Suppress*

In reviewing the denial of a motion to suppress evidence, we conduct a de novo review based upon the totality of the circumstances, reversing only if the circuit court's ruling is clearly against the preponderance of the evidence. *Porter v. State*, 2010 Ark. App. 657, 379 S.W.3d 528. Because a determination of the preponderance of the evidence depends heavily on questions of the weight and credibility of the testimony, we defer to the superior position of the trial court on those questions. *Miller v. State*, 81 Ark. App. 401, 102 S.W.3d 896 (2003).

The circuit court determined that the officer who obtained the warrant acted in good faith, intended to obtain the warrant prior to receiving the additional information from Martinez, and did not make any intentional false statements. Additionally, the court found that even if Martinez's statements had been excised from the affidavit, there were sufficient facts in the affidavit to establish probable cause for the second search.

Based on the totality of the circumstances, we cannot find that the circuit court's denial of the motion to suppress was against the preponderance of the evidence.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Wallace, Martin, Duke and Russell, PLLC*, by: *Valerie L. Goudie*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.