SLIP OPINION

Cite as 2014 Ark. 382

# SUPREME COURT OF ARKANSAS

No. CR-14-534

|  |  |  |
|---|---|---|
| SERGIO ANDRADE-MARTINEZ | | Opinion Delivered September 18, 2014 |
| | APPELLANT | |
| | | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [WASHINGTON COUNTY CIRCUIT COURT, NO. 72CR-12-677] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE WILLIAM A. STOREY, JUDGE |
| | | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 2012, judgment was entered reflecting that appellant Sergio Andrade-Martinez had been found guilty by a jury of multiple felony offenses for which he was sentenced to an aggregate sentence of 1788 months' imprisonment. The Arkansas Court of Appeals affirmed. *Andrade-Martinez v. State*, 2013 Ark. App. 604. The mandate on affirmance of the judgment was issued on November 13, 2013.

On January 14, 2014, sixty-two days after the mandate had been issued, appellant filed in the trial court a pro se request for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012), challenging the judgment. The trial court denied and dismissed the petition on the ground that it was untimely. Appellant lodged an appeal from the order in this court, and now before us is appellant's motion for extension of time to file his brief-in-chief.

We need not consider the merits of the motion for extension of time because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An

SLIP OPINION

appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Laswell v. State*, 2013 Ark. 407 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). In this case, the trial court did not have jurisdiction to consider appellant's Rule 37.1 petition because the petition was not timely filed.

Pursuant to Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if the petition is not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *Laswell*, 2013 Ark. 407; *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates*, 2012 Ark. 394; *Talley v. State*, 2012 Ark. 314 (per curiam). The petition before the trial court was not timely filed, and, thus, the trial court had no jurisdiction to grant the relief sought. When the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Laswell*, 2013 Ark. 407; *Holliday*, 2013 Ark. 47; *Winnett v. State*, 2012 Ark. 404 (per curiam); *Martin*, 2012 Ark. 312.

Appeal dismissed; motion moot.

*Sergio Andrade-Martinez*, pro se appellant.

No response.

2