SLIP OPINION

Cite as 2015 Ark. 33

# SUPREME COURT OF ARKANSAS

No. CR–14–948

| | |
|---|---|
| JAMES EDWARD WILLIAMS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 29, 2015<br><br>APPELLANT'S PRO SE MOTION FOR COPY OF RECORD [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-07-3386]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br>APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

Appellant James Edward Williams was found guilty by a jury of two counts of aggravated robbery, two counts of terroristic threatening in the first degree, theft of property, and battery in the third degree. An aggregate term of 360 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Williams v. State*, 2009 Ark. App. 684. Appellant's pro se petition for review was dismissed by this court. *Williams v. State*, 2009 Ark. 589 (per curiam). The mandate in the appeal was issued on November 19, 2009.

On June 5, 2014, more than four years after the mandate was issued, appellant filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008). The petition was denied on the ground that it was not timely filed under Rule 37.2(c). Pursuant to Rule 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date

SLIP OPINION

that the mandate was issued by the appellate court. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if the petition is not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *Laswell v. State*, 2013 Ark. 407 (per curiam). A court must have jurisdiction before it can do more with respect to a Rule 37.1 petition than examine it to see if it is timely. *Doyle v. State*, 319 Ark. 175, 890 S.W.2d 256 (1994) (citing *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989)).

After the petition was denied, appellant timely filed a notice of appeal and also filed a motion to proceed in forma pauperis on appeal. The trial court denied the motion on the basis that the Rule 37.1 petition had been untimely and thus appellant had no colorable cause of action that would entitle him to proceed at public expense. Appellant also filed a notice of appeal from the order denying him leave to proceed as a pauper.

Appellant has lodged an appeal here from both the order that denied the Rule 37.1 petition and the order that denied the motion to proceed in forma pauperis. Now before us is his motion seeking a copy of the record on appeal so that he may proceed with the appeal. As it is clear from the record that appellant could not prevail with respect to the appeal from either order if the appeal were permitted to go forward, the appeal is dismissed, and the motion is moot. *See Winters v. State*, 2014 Ark. 399, 441 S.W.3d 22 (per curiam).

As to the order that denied appellant's request to proceed in forma pauperis on appeal, Arkansas Rule of Civil Procedure 72 (2014) provides that an indigent person who shall have a cause of action against another may petition the court in which the action is pending, or in which it is intended to be brought, for leave to prosecute the suit in forma pauperis. If

satisfied from the facts alleged that the petitioner has a colorable cause of action, the court may by order allow the petitioner to prosecute the suit in forma pauperis. While a Rule 37.1 proceeding is civil in nature, *Anthony v. State*, 2014 Ark. 195 (per curiam), we have not applied Rule 72 to such proceedings. In any event, appellant perfected the appeal, rendering any issue regarding the denial of the motion to proceed in forma pauperis moot.

With respect to the order that denied the Rule 37.1 petition, as stated, a trial court does not have jurisdiction to grant relief on a petition under the Rule that is not timely filed. *Ewells v. State*, 2014 Ark. 351 (per curiam). Appellant's petition was not timely, and the trial court was correct to deny it.

Appeal dismissed; motion moot.

*James Edward Williams*, pro se appellant.

No response.