SLIP OPINION

Cite as 2015 Ark. 36

# SUPREME COURT OF ARKANSAS

No. CR-14-384

| | | |
|---|---|---|
| GECOBA TILSON | | **Opinion Delivered** February 5, 2015 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | FAULKNER COUNTY CIRCUIT |
| | | COURT |
| | | [NO. 23CR-09-984] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHARLES E. |
| | | CLAWSON, JR., JUDGE |
| | | |
| | | <u>APPEAL DISMISSED</u>. |

## PER CURIAM

On December 10, 2013, appellant Gecoba Tilson filed in the trial court a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014). In the petition, appellant challenged his convictions for two counts of aggravated robbery, one count of felony theft of property, and one count of misdemeanor theft of property, with a sentence enhancement on the aggravated-robbery charges. The Arkansas Court of Appeals affirmed the judgment reflecting appellant's aggregate sentence of 276 months' imprisonment in the Arkansas Department of Correction. *Tilson v. State*, 2013 Ark. App. 510. The appellate court's mandate issued on October 8, 2013.

The trial court denied the Rule 37.1 petition without a hearing, and appellant brought this appeal. We dismiss the appeal without reaching the merits. While the trial court addressed the issues in the petition in its order denying relief, the record before this court does not indicate that the Rule 37.1 petition was timely filed, and the trial court would not therefore have had

jurisdiction to address the merits of the petition.

Under Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from a judgment of conviction, a petition for relief under Rule 37.1 must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. *Andrade-Martinez v. State*, 2014 Ark. 382 (per curiam). The sixtieth day following the issuance of the mandate in this case fell on Saturday, December 7, 2013, and appellant's Rule 37.1 petition must have been filed no later than Monday, December 9, 2013, under the Rule.[1]

The time limitations in Rule 37.2 are jurisdictional in nature, and, if the petition was not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *Id.* Because the record does not demonstrate that the trial court had jurisdiction to grant relief on the petition, we dismiss the appeal. Where the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Parker v. State*, 2014 Ark. 542, ___ S.W.3d ___ (per curiam).

Appeal dismissed.

*Gecoba Tilson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[1] The record does not contain any indication that the Faulkner County courthouse was closed on Monday, December 9, 2013. Without a record that establishes jurisdiction in the trial court to reach the merits of the petition, we must assume that the court did not have jurisdiction. *See Meraz v. State*, 2010 Ark. 121 (per curiam). It is an appellant's burden to bring up a record sufficient for this court to grant relief. *Daniels v. State*, 2009 Ark. 607 (per curiam).