SLIP OPINION     Cite as 2014 Ark. App. 200



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–748

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** March 19, 2014 |
| TIMOTHY J. DEWITT | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. |  | [NO. 60CR–11–2190] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
|  |  | REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

Appellant Timothy Dewitt appeals from his conditional plea of guilty to the charges of possession of a controlled substance with intent to deliver, possession of a controlled substance, possession of drug paraphernalia, and misdemeanor possession of a controlled substance. He was sentenced as a small habitual offender to an aggregate term of sixteen years' imprisonment with an additional five years' suspended imposition of sentence. He was also sentenced to one year in county jail on the misdemeanor possession charge. Dewitt argues that the trial court erred in denying his motion to suppress evidence. We order rebriefing because Dewitt's abstract and addendum do not comply with Rule 4–2 of the Arkansas

Supreme Court Rules[1] as they do not provide the information essential for this court to confirm its jurisdiction.

When a defendant pleads guilty to a charge, he or she waives the right to appeal that conviction.[2] For relevant purposes before us, only a conditional plea pursuant to Rule 24.3(b) enables a defendant to retain the right to appeal an adverse suppression ruling.[3]

Rule 24.3(b) states:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, (i) to review an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement.

Our supreme court has interpreted Rule 24.3(b) to require strict compliance with the requirement that the right to appeal be reserved in writing.[4] This is so even when there has been an attempt to enter a conditional plea below.[5] In addition, the writing must be contemporaneous with the defendant reserving his or her right to appeal.[6] We also look for an indication that the conditional plea was entered with the approval of the trial court and the consent of the prosecuting attorney.[7]

---

[1] (2013).

[2] *Hill v. State*, 81 Ark. App. 178, 100 S.W.3d 84 (2003).

[3] Ark. R. Crim. P. 24.3(b) (2013).

[4] *Hill, supra.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

Dewitt's addendum contains a form entitled "Acknowledgment of Rights" in which Dewitt acknowledged his rights and voluntarily pleaded guilty. The form was signed by both Dewitt and his attorney on February 21, 2013. There is also a form entitled "Conditional Plea Statement" that is signed by Dewitt, his attorney, and the prosecuting attorney. This form was also signed on February 21, 2013.[8] These two forms satisfy the requirements that the prosecuting attorney consent to the conditional plea and that there be a contemporaneous writing by a defendant reserving his right to appeal. The next document in the addendum is the sentencing order, which makes no mention of the conditional plea. It gives no indication that the trial court approved the conditional plea.

The trial court can accept a conditional plea in open court.[9] However, appellant abstracts only the beginning of the conditional-plea hearing, leaving this court without a foundation on which to find jurisdiction. Therefore, we order rebriefing and direct appellant to include all material information necessary for us to confirm our jurisdiction.[10] The substituted abstract, brief, and addendum is due fifteen days from the date of this opinion.[11]

Rebriefing ordered.

---

[8]We note that the conditional-plea form is taken from Rule 24.3 but fails to include the approval and signature of the judge. If the entire form had been used, rebriefing would have been unnecessary. *See Kinard v. State*, 2012 Ark. App. 543.

[9]*Kinard, supra* (citing *Green v. State*, 334 Ark. 484, 978 S.W.2d 300 (1998); *Gonder v. State*, 95 Ark. App. 144, 234 S.W.3d 887 (2006)).

[10]Information is material if it is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(5) (2013).

[11]Ark. Sup. Ct. R. 4-2(b)(3) (2013).



HARRISON and HIXSON, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, and *Lou Marczuk*, Deputy Public Defender, by: *Margaret Egan*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.