

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–748

|  |  |  |
|---|---|---|
|  | | **Opinion Delivered** June 4, 2014 |
| TIMOTHY J. DEWITT | | APPEAL FROM THE PULASKI |
| | APPELLANT | COUNTY CIRCUIT COURT, |
| | | FIRST DIVISION |
| V. | | [NO. 60CR–11–2190] |
| STATE OF ARKANSAS | | HONORABLE LEON JOHNSON, |
| | APPELLEE | JUDGE |
| | | REVERSED AND REMANDED |

## WAYMOND M. BROWN, Judge

Appellant Timothy Dewitt appeals from his conditional plea of guilty to the charges of possession of a controlled substance with intent to deliver, possession of a controlled substance, possession of drug paraphernalia, and misdemeanor possession of a controlled substance. He was sentenced as a small habitual offender to an aggregate term of sixteen years' imprisonment with an additional five years' suspended imposition of sentence. He was also sentenced to one year in the county jail on the misdemeanor possession charge. Dewitt argues that the trial court erred in denying his motion to suppress evidence. We agree, and we reverse and remand.[1]

---

[1]This is the second time this case has been before us. We initially ordered rebriefing to establish our jurisdiction. *Dewitt v. State*, 2014 Ark. App. 200.

The facts are that on March 28, 2011, Officer Jeff King was investigating a narcotics complaint on an empty lot at 14th and Martin Streets. When he arrived, he noticed a number of people in the lot as well as one vehicle, a white 1988 Chevrolet Celebrity. He made contact with the driver of the vehicle, Dewitt, and conducted a field interview with him for approximately fifteen minutes. According to Officer King, he informed Dewitt and the others on the lot that there had been complaints about drug activity taking place on the lot and that "we're going to make a point to clean it up, and this was their warning." Officer King left the lot and pulled into the lot just below it where he could be visible. Everyone eventually left the lot. A few minutes later, a vehicle pulled up and the person in the vehicle told Officer King that he had "just missed the guy that was selling all the drugs up there. He's the one driving the white vehicle."

The next day, while on patrol near 20th and Pine Streets, Officer King spotted Dewitt traveling northbound on Pine Street. He followed Dewitt's vehicle and decided to initiate a traffic stop on Dewitt at 13th and Oak Streets. Dewitt had not violated any traffic laws; however, Officer King wanted to "let him know that he's the one the neighborhood is complaining about selling drugs." As Officer King approached the vehicle, he could smell the odor of marijuana coming from Dewitt's open window. Officer King asked Dewitt if there were any drugs in the vehicle, and Dewitt acknowledged that he had just finished smoking a blunt. Dewitt told Officer King that the blunt was in the ashtray. While at the vehicle, Officer King saw "baggies on the seat and a set of scales." At that point, Dewitt was asked to step out of the vehicle, and Officer King conducted a search of the vehicle. Officer

King noticed that the left air vent was kind of crooked, and when he touched it, it fell out. Inside the vent were "some yellow plastic bags. Three yellow baggies, two possibly crack cocaine and one with pills; and a small baggie of possible marijuana." Dewitt was subsequently placed under arrest.

Dewitt filed a motion to suppress on January 13, 2012. His suppression hearing took place on February 21, 2013. The court denied Dewitt's suppression motion, finding that Officer King conducted a Rule 3.1 stop on Dewitt's vehicle. Dewitt subsequently entered a conditional plea of guilty to the charges against him. This timely appeal followed.

When a defendant pleads guilty to a charge, he or she waives the right to appeal that conviction.[2] For relevant purposes before us, only a conditional plea pursuant to Rule 24.3(b) enables a defendant to retain the right to appeal an adverse suppression ruling.[3]

Rule 24.3(b) states:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, (i) to review an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement.

In reviewing the denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court and proper deference to the trial court's findings.[4]

---

[2]*Hill v. State*, 81 Ark. App. 178, 100 S.W.3d 84 (2003).

[3]Ark. R. Crim. P. 24.3(b) (2013).

[4]*Summers v. State*, 90 Ark. App. 25, 203 S.W.3d 638 (2005).

The trial court's ruling will not be reversed unless it is clearly against the preponderance of the evidence.[5]    We will defer to the trial court in assessing the credibility of witnesses.[6]

Dewitt contends that the court erred in denying his motion to suppress because Officer King did not have reasonable suspicion under Rule 3.1 to stop his vehicle on March 29, 2011. Rule 3.1 provides:

> A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger or forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct.[7]

Our criminal rules further define "reasonable suspicion" as "a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion."[8]

At no time did Officer King state that he stopped Dewitt on March 29, 2011, to ascertain who he was or to determine the lawfulness of his conduct.  Officer King stated that he knew who Dewitt was because he obtained Dewitt's information on March 28, 2011, when he spoke with Dewitt at the lot on 14th and Martin Streets.  Officer King also stated that he

---

[5]*Id.*

[6]*Id.*

[7]Ark. R. Crim. P. 3.1 (2013).

[8]*Summers*, 90 Ark. App. at 31, 203 S.W.3d at 642.  *See* Ark. R. Crim. P. 2.1 (2013).

 

stopped Dewitt to tell him that he was the one the neighbors had been complaining about. This is not the type of situation covered under Rule 3.1. We hold that, under the totality of the circumstances, Officer King lacked reasonable suspicion to stop Dewitt's vehicle. Accordingly, the trial court's ruling was clearly against the preponderance of the evidence; therefore, we reverse and remand.

Reversed and remanded.

GLADWIN, C.J., and VAUGHT, J., agree.

*William Simpson, Jr.*, Public Defender, and *Lou Marczuk*, Deputy Public Defender, by: *Margaret Egan*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.